## UNITED STATES of America, Plaintiff-Appellee,

### v.

## Michael BOLDEN, Defendant-Appellant.

### No. 641, Docket 82–1316.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1983.

Decided Feb. 14, 1983.

James P. Harrington, Buffalo, N.Y., for defendant-appellant.

Carol E. Heckman, Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty. for the W.D. N.Y., Buffalo, N.Y., of counsel), for plaintiff-appellee.

Before KEARSE, WINTER and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

The only question presented by this appeal is whether the district court correctly excluded from its speedy trial calculation the six-day period between the filing and denial of defendant's speedy trial motion. We conclude that it did.

In *United States v. Cobb*, 697 F.2d 38 (2d Cir.1982), we held that the making of a pretrial motion automatically triggers a period of excludable delay under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F). On this appeal defendant urges an exception to that rule, arguing that a motion to dismiss

on speedy trial grounds should be treated differently from other pretrial motions under the Speedy Trial Act. He argues that excluding from speedy trial calculations the time relating to a speedy trial motion, in effect would extend the time limit within which to commence trials from the authorized 70 days, to 70 days plus the time required for considering the speedy trial motion, with the incongruous result that by pursuing his remedy for denial of a speedy trial, the defendant further delays his trial. Consequently, defendant argues, the six days during which his speedy trial motion was pending should not have been excluded in calculating the 70 days allowed for bringing his case to trial, and his indictment should be dismissed with prejudice.

We disagree. Defendant does not challenge the length of time excluded, nor could he do so, because the period of only five days from filing to hearing appears to be "reasonably necessary for the fair processing of the motion", *United States v. Cobb*, 697 F.2d at 44, and the one day the court had the motion "under advisement" is well within the 30 days permitted by the Act, 18 U.S.C. § 3161(h)(1)(J). Rather, defendant attacks exclusion of any time at all because of his speedy trial motion. Defendant's contention not only runs against the statutory language, which establishes a period of excludable time for "*any* pretrial motion", 18 U.S.C. § 3161(h)(1)(F) (emphasis added), but also is contrary to the reported authorities. *See, e.g., Furlow v. United States,* 644 F.2d 764, 768 (9th Cir.1981), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981); *United States v. Goldman,* 439 F.Supp. 352, 357 (S.D.N.Y.1977). By providing in § 3162(a)(2) that a speedy trial claim is waived unless asserted before trial, Congress clearly signaled its intent that a motion such as defendant's, to dismiss for failure to comply with the Act, be considered a "pretrial" motion. Consequently, defendant's motion did trigger excludable time under subsection (F), and his contention to the contrary must fail.

Defendant seeks to draw strength for his argument from Rule 45 of the Federal Rules of Criminal Procedure, which requires five days notice of motion. He argues that when coupled with the Speedy Trial Act, Rule 45 in effect precludes him from moving to dismiss if the 70-day period expires within the last five days before trial. Again, we disagree. Such a motion can be made at any time prior to trial. For example, if a defendant's 70 days should expire two days before the trial was scheduled to commence, a written motion filed at that time, or on the succeeding day, or even made orally, *see United States v. Cobb,* 697 F.2d at 43, on the day of the trial before the trial began, would be sufficiently timely to prevent the statutory waiver of his claim for dismissal.

Although it may be superficially anomalous to have a "speedy trial" motion delay the time when a trial must commence, our interpretation that subsection (F) includes a speedy trial motion is consistent with both the structure and purpose of the Act. Calculations under the Act are not necessarily related to the actual commencement of the trial, but only to the final date by which the trial must commence. *United States v. Cobb,* 697 F.2d at 42. Moreover, the delay resulting from a speedy trial motion is no different from that resulting from any other pretrial motion. Finally, by establishing in the Speedy Trial Act automatically excludable periods for pretrial motions, Congress assured reasonable opportunities to the government for response, as well as to the court for serious consideration of every claim that a defendant might assert by motion. An opportunity to be heard and due deliberation are as necessary for a speedy trial motion as for any other motion.

Finding no merit in defendant's contentions, we conclude that a motion to dismiss under the Speedy Trial Act, like any other pretrial motion, automatically triggers a period of excludable time, and that the district court properly excluded the six days between filing and denial of defendant's motion.

The judgment of the district court is affirmed.