**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis TEDESCO, Defendant-Appellant.**

**No. 83–1222.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 1983.

Decided Jan. 31, 1984.

---

Lorna E. Propes, Bobb, Kane, Obbish & Propes, Chicago, Ill., for defendant-appellant.

John L. Sullivan, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and PELL and WOOD, Circuit Judges.

PELL, Circuit Judge.

Defendant Louis Tedesco and fourteen other persons were named in a seventy-nine count indictment charging them with conspiracy to distribute cocaine and other drug related offenses. The indictment was filed December 3, 1980, but numerous delays postponed Tedesco's trial until December 16, 1982. Defendant was convicted and sentenced to two years incarceration and four years probation. The sole issue on appeal is whether the delays violated defendant's rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.

FACTS

The Speedy Trial Act requires the Government to bring a defendant to trial within seventy days of defendant's indictment or his initial appearance before a judicial officer, whichever occurs last. The Act provides for the exclusion of time from the seventy-day period in a number of circumstances. Defendant here concedes that only

two days had run under the Act as of July 10, 1982.[1]

The Government's evidence included tape recordings of conversations between the various defendants. Tedesco filed a motion seeking exclusion of these tapes under *United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978). The court denied this motion on July 20, 1982, ending an uncontested period of exclusion under the Act. Defendant does contest the exclusion of subsequent delays, and we will concern ourselves solely with events occurring after July 20, 1982.

On July 20, 1982, co-defendant Browning filed a motion to dismiss alleging that the prosecution constituted double jeopardy as he had previously been prosecuted for his role in the conspiracy. The court denied the motion on July 28, the same day co-defendant Bounos filed a similar motion to dismiss. Browning renewed his double jeopardy motion on August 2. The court conducted a hearing on these motions on August 3. Trial of the five defendants who had not pled guilty or fled was set to begin the next day. The court expressed concern over the delays caused by Browning and Bounos and indicated that it would attempt to secure an expedited appeal of denial of the motions should Browning and Bounos seek interlocutory review. Counsel for Tedesco requested that her client be severed from Browning and Bounos and be tried with co-defendants Husted and Wagner. After some debate over the amount of time that would be required for separate trials, the court denied Tedesco's motion and reset the trial for November 8. The court then set a schedule for written defense motions to avoid any further delay.

Bounos filed a motion to delete prejudicial material on August 18. On August 22 the court denied the double jeopardy motions. Bounos and Browning filed an inter-

locutory appeal on September 1, which was denied ultimately by this court on November 3. In the meantime, on September 8 Tedesco filed a motion to exclude the tapes because they were unintelligible.

On November 4, 1982, the parties convened before the court. Defendant presented several pages of objections to the Government's transcripts of the recorded conversations. Browning announced that he intended to argue at trial that the conspiracy was a continuation of the previous conspiracy for which he had already been prosecuted, a defense aligned with the Government's contention that a conspiracy existed and antagonistic to the position of the other defendants. Browning also filed a second interlocutory appeal, which was dismissed on November 17. On November 10 Tedesco moved to dismiss the indictment because the delays had violated his rights under the Speedy Trial Act, and moved for severance and a separate trial because of Browning's hostile position. During a discussion on the severance claim counsel disputed the Government's trial estimates, but the court did not rule on the motion. On November 15 Bounos changed his plea to guilty. On November 18 the Government joined in Tedesco's severance motion, and the court severed Browning from Tedesco and Wagner, the two remaining defendants. The court reset the trial to December 6, 1982. Tedesco moved to delete racial slurs from the tape recordings and renewed his *Santiago* motion. On November 30 the court ruled on the admissibility of the tapes.

On December 6 the Government announced its intention of calling Bounos as an immunized witness. Obtaining Bounos' cooperation, however, took several days, and the court reset the trial date to December 16. On December 16, 1982, Tedesco's trial began.

---

1. On July 20, 1982, the district court denied several defense motions. For reasons that are not clear from the record the court entered this order nunc pro tunc July 15, 1982. Defendant, however, appears to concede that the effective date of the order for purposes of the Speedy Trial Act is July 20. In any event, codefendants filed motions on the same day and the period following denial of Tedesco's motion is excludable regardless of the effective date of the court's order.

## EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The Speedy Trial Act provides that a defendant must be brought to trial within seventy days from the date of indictment or the date of defendant's initial appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1). However, subsection (h) provides that:

The following periods of delay shall be excluded in computing ... the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

\*    \*    \*    \*    \*    \*

(E) delay resulting from any interlocutory appeal;

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

\*    \*    \*    \*    \*    \*

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

(8)(A) Any period of delay resulting from a continuance granted by any judge ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The district court concluded that these exclusions covered most of the delays in bringing defendant to trial. Defendant here renews his claim that these exclusions, when properly applied, do not cover the delays. We will examine each major delay in turn.

### A. Exclusion under Section 3161(h)(7)

The trial court concluded that periods during which pretrial motions and interlocutory appeals by Browning and Bounos were pending were properly excludable under Section 3161(h)(7) as reasonable periods of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Defendant does not contest that reasonable delay caused by codefendants' motions and interlocutory appeals stops the clock for all defendants, *United States v. Campbell,* 706 F.2d 1138, 1141 (11th Cir.1983), nor does he claim that Browning's and Bounos' pretrial maneuverings did not stop the clock as to them. Rather, Tedesco claims that (h)(7) is inapplicable because he should have been granted a severance on August 3 and an immediate trial on August 4.

Rule 14 of the Federal Rules of Criminal Procedure grants the district court the discretion to order a severance if "it appears that a defendant ... is prejudiced by a joinder of ... defendants." Denial of a motion for severance will only be reversed for an abuse of discretion, which requires a showing of compelling prejudice. *United States v. Butera,* 677 F.2d 1376 (11th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *United States v. Hedman,* 630 F.2d 1184 (7th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *United States v. Crouch,* 528 F.2d 625 (7th Cir.1976), *cert. denied,* 429 U.S. 900, 97 S.Ct. 266, 50 L.Ed.2d 184. In exercising its discretion the court should balance the interests of the defendant against the needs of judicial economy. *United States v. Zicree,* 605 F.2d 1381 (5th Cir.1979), *cert. denied,* 445 U.S. 966, 100 S.Ct. 1656, 64 L.Ed.2d 242 (1980).

Defendant claims that the court was incapable of properly exercising its discretion because the Government misrepresented the amount of time separate trials of the various defendants would require. Tedesco claims that the Government informed the court that the separate trials would be quite

lengthy, while privately informing his counsel that a trial of Tedesco alone would only take three days. This claim is unsupported by the record. During the discussion concerning Tedesco's August severance motion his counsel requested that he be tried with Husted and Wagner, not alone. Consequently, whatever the Government told Tedesco's counsel in November about the amount of time required to try defendant alone, and under different circumstances than those existing in August, is irrelevant. The differences between the Government's estimate in August and the estimates given on subsequent dates do not reflect intentional misrepresentations but rather the changing nature of the case as it dwindled from three defendants and many counts to only one defendant and three counts.

Defendant also claims that the delays caused by Bounos and Browning were not properly excludable under (h)(7) because their motions and interlocutory appeals were unreasonable, and the district court was therefore required to grant Tedesco a severance. We do not agree that the court was required to grant a severance in this situation. The Speedy Trial Act did not alter a trial court's function in ruling on a severance motion; the court must still balance the needs of each defendant against the needs of judicial economy. *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3542, 77 L.Ed.2d 1392 (1983). In this case the court could not prevent Browning and Bounos from presenting their double jeopardy motion as they did, but was limited to expediting the process as much as possible, which the court did. Under defendant's analysis the court, presented with this situation, would be required to grant a severance regardless of the amount of time that would be wasted by conducting separate, repetitive trials for each defendant, and regardless of how little prejudice the defendant would suffer from not obtaining a severance. We do not believe that the Speedy Trial Act hobbles multidefendant prosecutions in this manner.

■ Turning to the facts of this case, as viewed by the district court in August, we find no abuse of discretion in the court's denial of Tedesco's first severance motion. The only prejudice to defendant was that the subsequent delays caused by his codefendants were excludable under the Act, and the Government therefore did not have to bring Tedesco to trial immediately. Defendant has not demonstrated that the mere passage of time while the double jeopardy claims were litigated improperly prejudiced his case. Balanced against this is the large amount of time that would have been wasted had the Government been forced to present essentially the same evidence in two trials. In this situation the court properly refused to grant a severance.

Defendant does not claim that the district court or this court spent an unreasonable amount of time disposing of the double jeopardy claims, nor could he on the facts of this case. Accordingly, we find that the period during which Tedesco's codefendants' pre-trial motions and interlocutory appeals were pending was properly excluded under the Speedy Trial Act.

### B. Exclusion under Section 3161(h)(1)(F)

Section 3161(h)(1)(F) provides for the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Defendant filed several pretrial motions after the initial interlocutory appeal was denied, including a motion to dismiss the indictment for violation of the Speedy Trial Act and a motion to sever because of Browning's antagonistic defense.

Defendant argues that the time spent with these motions should not be excluded because to do so would penalize him for asserting his rights under the Act. Whatever merit this argument may have as applied to the motion to dismiss, it has no merit when applied to the severance motion, which was premised on the antagonistic nature of Browning's defense.

■ Turning to defendant's motion to dismiss for violation of the Speedy Trial Act, which was pending longer than the severance motion, we believe that the weight of authority favors exclusion of this time. We recognize that the Second Circuit held that:

> Delay occasioned by pendency *sub judice* of appellants' speedy trial motion is not chargeable against appellants because, as observed, in *United States v. Didier,* 542 F.2d 1182, 1188 (2d Cir.1977), to do so would "improperly penalize defendants for their invocation of speedy trial rules and run counter to the purpose of those rules."

*United States v. New Buffalo Amusement Corp.,* 600 F.2d 368, 375 (2d Cir.1979). In *Didier* the court refused to exclude a delay caused by a speedy trial motion under Rule 6 of the Southern District of New York's Plan for Achieving Prompt Disposition of Criminal Cases. While *New Buffalo Amusement Corp.* unhesitatingly applied *Didier* to the Speedy Trial Act, the Second Circuit appears to have reconsidered this position. In *United States v. Bolden,* 700 F.2d 102 (2d Cir.1983), the court held that Section 3161(h)(1)(F) excludes delay caused by "any" pretrial motion, and that "the delay resulting from a speedy trial motion is no different from that resulting from any other pretrial motion." 700 F.2d at 103. In so holding, the Second Circuit joined the Ninth and Eleventh Circuits in reading Section 3161(h)(1)(F) as it is written. As the court observed in *United States v. Stafford,* 697 F.2d 1368, 1372 (11th Cir.1983), "we need look no further than the explicit language of Section 3161(h)(1)(F), which excludes the period during the pendency of 'any motion.' A motion to dismiss—regardless of the grounds upon which it is based— is a motion like any other motion, and thus falls within the express exclusion of (F)." *See also United States v. Arkus,* 675 F.2d 245 (9th Cir.1982); *Furlow v. United States,* 644 F.2d 764 (9th Cir.1981), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175. We agree with the court in *Stafford* that the strongest reason for rejecting defendant's

policy argument is that: "Policy choices are for Congress to make. In the case of this issue, Congress has already made them." 697 F.2d at 1373. The district court correctly held that defendant's motion to dismiss stopped the running of the clock under the Act.

### C. Exclusion under Section 3161(h)(8)(A)

The final delay in bringing Tedesco to trial occurred because Bounos was unwilling initially to testify despite immunity from prosecution. Convincing Bounos to testify took ten days and delayed Tedesco's trial until December 16. The court found that this period was excludable under Section 3161(h)(8)(A), which allows exclusion of delay caused by a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Defendant argues that the court's conclusion that the ten day delay served the ends of justice was erroneous because the delay gave the Government an improper tactical advantage by obtaining Bounos' testimony.

■ We have previously observed that the decision to grant a continuance under the Speedy Trial Act, and accompanying decision to exclude the delay under (h)(8)(A), is addressed to the discretion of the trial court. To obtain a reversal of the court's decision a defendant must show actual prejudice. *United States v. Aviles,* 623 F.2d 1192, 1196 (7th Cir.1980). A continuance granted to allow the Government to obtain a witness does not cause a defendant "prejudice" in the manner meant by the term in this context. Obviously Bounos' appearance worked to the disadvantage of Tedesco, but so did the introduction of other incriminating evidence. "Prejudice" is not caused by allowing the Government properly to strengthen its case, but rather by delays intended to hamper defendant's ability to present his defense. *United States v. Dennis,* 625 F.2d 782, 794 (8th Cir.1980);

**1222**

*United States v. Johnson,* 579 F.2d 122, 123–24 (1st Cir.1978). A defendant is not entitled to, and justice is ill-served by, a trial during which the Government is not able to present relevant evidence.

■ The Speedy Trial Act specifically excludes delays caused by the unavailability of an essential witness. 18 U.S.C. § 3161(h)(3)(A). A recalcitrant accomplice such as Bounos is properly considered "unavailable" under the Act, and "essential" even when the Government could convict without his testimony. *United States v. Marrero,* 705 F.2d 652, 658 (2d Cir.1983). Although we see no reason why the delay could not have been excluded under Section 3161(h)(3)(A), we also see no reason why the court could not exclude the delay under (h)(8)(A). *See United States v. Fielding,* 645 F.2d 719 (9th Cir.1981) (continuance granted to obtain witness may be excluded under either (h)(3)(A) or (h)(8)(A)). Accordingly, we find no abuse of discretion in the court's grant of a continuance from December 6 to December 16.

CONCLUSION

We find that the periods of delay were properly excluded by the trial court in determining whether defendant's right to a speedy trial had been violated. Although over two years passed between defendant's indictment and his eventual trial, far fewer than seventy days elapsed under the Act. Defendant's conviction is therefore AFFIRMED.