UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph HOLYFIELD, Jr., and Larry
Holyfield, Defendants-Appellants.

Nos. 84–1506, 84–1508.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 14, 1986.

Decided Oct. 1, 1986.

Suzanne Carol Schuelke, argued, Detroit, Mich., for defendants-appellants.

Joel M. Shere, U.S. Atty., Detroit, Mich., John Thompson, Janice Kittel Mann, Patricia G. Blake, argued, for plaintiff-appellee.

Before JONES and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

The defendants appeal the judgments entered on their bank robbery convictions. Both defendants claim that their right to a speedy trial was denied by the delays involved in this case. Joseph Holyfield also claims that his right to be present at his trial was violated. We affirm the judgments of conviction.

On June 30, 1982, three men robbed the Liberty State Bank and Trust Company of Hamtramck, Michigan. After an FBI investigation, Joseph and Larry Holyfield were arrested on July 1. An indictment was returned against them and a co-defendant, Alan Reese, on July 29. They were arraigned on August 6. At some point Reese made a confession implicating himself and the Holyfields in the robbery.

On August 14, the government filed a motion to disqualify Reese's retained attorney for a conflict of interest, alleging that the attorney had also been retained by the Holyfields. After a hearing on August 17, the district court granted the motion to disqualify. On August 24, Reese appealed

that order to this court. On September 21, the government filed a motion for computation of excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1982), as to all defendants pending resolution of Reese's appeal. The Holyfields opposed the motion, stating that they were prepared to proceed to trial. On October 7, a motions panel of this court ordered Reese's interlocutory appeal to be orally argued and stayed all further proceedings. On October 26, the district court, construing this court's stay order as applying to all defendants, responded to the government's motion by staying the proceedings against all defendants.

On January 21, 1983, this court reversed the order disqualifying Reese's attorney because the district court had failed to conduct an evidentiary hearing. *United States v. Reese,* 699 F.2d 803 (6th Cir.1983). A mandate was issued by this court on March 14, 1983. Subsequently, the government moved to sever Reese's case from the Holyfields' because Reese's confession would not have been admissible in the Holyfields' trial. The court granted the motion, and, shortly thereafter, Reese pled guilty.

The Holyfields' trial was first set for February 16, 1983. The trial date was subsequently reset twice, first for March 29, and then for May 17. Just prior to the May 17 trial date, a prosecution fingerprint expert suddenly became ill and was hospitalized, and on May 12, 1983, the indictment against the Holyfields was dismissed.

On October 24, 1983, a new indictment was filed. On November 18, the defendants moved to dismiss the indictment for violation of the Speedy Trial Act. The motion was denied. The trial began on April 18, 1984, and both defendants were convicted and sentenced to fifteen year prison terms.

## I.

The defendants assert that the delays in this case violated their rights under both the Speedy Trial Act and the Sixth Amendment. We will address each of these claims separately.

## A.

### Speedy Trial Act

The Speedy Trial Act requires that a defendant's trial commence:

within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Certain periods of delay are excludable from the calculation of the seventy days. *Id.* § 3161(h). These include delays from other proceedings concerning the defendant, including "an interlocutory appeal," *id.* § 3161(h)(1)(E), and "pretrial motion[s], from the filing ... through the conclusion of the hearing or other prompt disposition." *Id.* 3161(h)(1)(F). They also include "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(7). A defendant is entitled to a dismissal on his motion if the government fails to try him within the appropriate period. *Id.* § 3162(a)(2). However, the defendant's failure to make the motion constitutes a waiver. *Id.*

The Holyfields are claiming that the delay caused by Reese's interlocutory appeal violated their right to a speedy trial. But, as noted *supra,* section 3161(h)(7) of the Act provides for an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

We have not previously interpreted this section. However, every circuit court that has considered this section has concluded that "an exclusion applicable to one defendant applies to all co-defendants." *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *see*

*also United States v. Rush,* 738 F.2d 497, 504 (1st Cir.1984); *United States v. Tedesco,* 726 F.2d 1216, 1219 (7th Cir.1984); *United States v. Campbell,* 706 F.2d 1138, 1141 (11th Cir.1983); *United States v. Fogarty,* 692 F.2d 542, 546 (8th Cir.1982), *cert. denied,* 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983); *United States v. McGrath,* 613 F.2d 361, 366 (2d Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980). We now join the other circuits and hold that under section 3161(h)(7) an exclusion as to one defendant applies to all codefendants.

On appeal, the parties addressed only the question of whether the period of delay caused by Reese's interlocutory appeal was properly excluded by the district court. We have reviewed the record and, absent the period of delay related to the interlocutory appeal, the seventy day period did not expire before the Holyfields were brought to trial. Therefore, if we conclude that the delay caused by Reese's interlocutory appeal was properly excludable, then the Holyfields' claim that their Speedy Trial Act rights were violated must fail.

■ A review of the record indicates that the entire period between August 24, 1982, the day that Reese filed his interlocutory appeal, through March 14, 1983, the day that disposition of the appeal was completed, was excludable under section 3161(h)(1)(E). Since this time was excludable as to Reese, it was also excludable as to his codefendants, the Holyfields. Since the period of delay caused by Reese's interlocutory appeal was properly excluded under section 3161(h)(1)(E), and the period of delay was reasonable under section 3161(h)(7), we conclude that the district court properly denied the Holyfields' motion to dismiss their indictments for violation of the Speedy Trial Act.

## B.

### Sixth Amendment

■ The Holyfields also assert that the delays in the case violated their right to a speedy trial under the Sixth Amendment.

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court announced a four-part balancing test to determine whether a pre-trial delay infringed on the right to a speedy trial. That test assesses "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. at 2192. An application of that test to this case indicates that, on balance, the delay caused by the Reese appeal does "not justify the severe remedy of dismissing the indictment." *See United States v. Loud Hawk,* —— U.S. ——, 106 S.Ct. 648, 657, 88 L.Ed.2d 640 (1986).

Approximately fifteen months passed between the date of the first indictment and the date of trial, not counting the period between dismissal and reindictment. The Holyfields' claim of unexcusable delay focuses only on the five month period that Reese's appeal was pending. This cannot be said to be an extraordinary length of time and the first *Barker* factor, length of delay, does not appear to weigh heavily in favor of the Holyfields.

The second factor, reason for the delay, does, however, favor the Holyfields. The delay was caused by a codefendant's appeal and was not induced by them nor did it involve them. They could have been tried soon after the first indictment. The government, however, chose to wait.

The third factor, the defendants' assertion of their rights, does favor them. They did assert their right to a speedy trial in opposition to the government's motion for calculation of excludable delay during the Reese appeal.

The last factor, prejudice, has little weight in this case. Apart from Reese's testimony and fingerprint evidence, the government's case turned on eyewitness identification; the defendants presented no alibi or other affirmative defense. Thus, the effect of delay upon the memory of the witnesses would work in favor of the defendants, not against them. When these factors are balanced, we cannot say that

the Holyfields' Sixth Amendment rights were violated.

## II.

 Finally, Joseph Holyfield asserts that his right to be present at his trial was violated when the trial continued for one day in his absence.[1] A defendant does have a constitutional right to be present during his trial, but that right can be waived. *Taylor v. United States*, 414 U.S. 17, 18–20, 94 S.Ct. 194, 195–96, 38 L.Ed.2d 174 (1973).

It is undisputed that on the day of Holyfield's absence his counsel and the judge, in the presence of other counsel, telephoned him from the judge's chambers. The judge made the following statement on the record, which Holyfield's trial counsel confirmed as correct, as to the contents of her conversation with Holyfield:

> The court and all counsel went into chambers and called Mr. Holyfield, reached him in the Emergency Room at Receiving Hospital on the speaker phone and Mr. Henry talked to his client Mr. Holyfield and Mr. Holyfield authorized Mr. Henry and the Court to proceed with the trial in his absence.

Jt.App. at 222.

This sufficiently indicates that Holyfield waived his right to be present. The district court did not err in continuing in his absence.

Therefore, the judgments of conviction are AFFIRMED.

---

1. Joseph Holyfield also claims that the district court erred when it ordered him to put on a cap and glasses for identification during the trial. The court did not abuse its discretion in this instance, and Holyfield's conviction cannot be reversed on these grounds.