UNITED STATES of America, Plaintiff,

v.

**Robert MAYES and Dallas E.
Scott, Defendants.**

Crim. A. No. 89–30007–01.

United States District Court,
D. Kansas.

Dec. 12, 1989.

Benjamin L. Burgess, Jr., U.S. Atty.,
Wichita, Kan., and Richard L. Hathaway,
Asst. U.S. Atty., for plaintiff.

Robert E. North and Mark W. Works,
Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

On November 2, 1989, defendants filed a motion to dismiss their indictments for violations of the Speedy Trial Act (Act), 18 U.S.C. § 3161 *et seq.* Prior to trial, on November 3, 1989, the court, ruling from the bench, denied defendants' motions stating that a written order would be issued at a later date. Accordingly, the following memorandum and order incorporates the court's reasoning for the denial of defendants' motion.

The facts relating to the speedy trial motion are as follows: The offense for which the defendants were indicted occurred between March 1 and March 22, 1988. Defendants were indicted on June 1, 1989, and made their first appearance on June 29, 1989. On that same date, defendant Scott filed a discovery motion, thereby tolling the provisions of the Act. 18 U.S.C. § 3161(h)(1)(F). A pretrial hearing was conducted on August 4, 1989. On October 2, 1989, defendant Scott filed another discovery motion again tolling the provisions of the Act. A hearing on this and other motions was held on November 3, 1989, and trial was commenced on November 6, 1989.

■ It is the defendants' contention that at least 79 days includable days passed from the time of arraignment to the time set for trial. This contention is without merit. First, after the excludable time resulting from discovery motions filed by defendant Scott is deducted, the time between August 4 and October 2 is 58 days, leaving 12 days to try the case after the disposition of the motions on November 3, 1989. This exclusion applicable to defendant Scott is clearly applicable to defendant Mayes. 18

U.S.C. § 3161(h)(7); *United States v. Holyfield*, 802 F.2d 846 (6th Cir.1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987).[1]

■ Defendants also argue for dismissal on the basis of delay in the prosecution's presentation of the case to the grand jury. As the Supreme Court has held, it is statutes of limitations which constitute the primary guarantee against bringing overly stale criminal charges, since they provide predictable, legislatively enacted limits on prosecutorial delay. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1976). Moreover, it is well established that due process warrants the dismissal of indictments for preindictment delay only in exceptional circumstances. *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir.1988). Generally, a defendants' due process rights are not offended absent a showing of actual prejudice resulting from preindictment delay *and* a showing that the delay was purposefully designed to gain tactical advantage or to harass. *Id.* Vague or conclusory allegations of prejudice resulting from the passage of time are insufficient to show actual prejudice. *Id.*

■ Here, the defendants claim neither specific prejudice nor purposeful delay by the prosecution to gain a tactical advantage. Instead, defendants merely state they were prejudiced because the prosecution had over a year to prepare the case and "turn witnesses" against the defendants. We find such conclusory allegations to be insufficient to establish actual prejudice under the Due Process Clause and, therefore, insufficient to warrant dismissal of the indictment for preindictment delay.

1. Specifically, this section of the Act provides for a reasonable period of excludable time when the defendant is joined for trial with a codefendant for whom the time for trial has not yet run and no motion for severance has been granted. 18 U.S.C. § 3161(h)(7). Therefore, arguably, since one of the defendants in the case, Francis Nickel, had not yet been arrested and brought before the court before the trial of her codefendants, the speedy trial time had not yet begun to run at all.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is denied.