972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eladio PEDROZA-DIAZ and Jaime A. Renteria, Defendants-Appellants.
 Nos. 91-1738, 91-1749.
 United States Court of Appeals, Seventh Circuit.
 Argued April 10, 1992.
Decided Aug. 17, 1992.
 
 1
 Before POSNER and MANION, Circuit Judges, and BURNS, Senior District Judge*.
 
 ORDER
 
 2
 This case is before us on the consolidated appeal of the convictions of appellants and on the appeal of the sentence imposed on appellant Pedroza. We affirm the convictions and dismiss the appeal of Pedroza's sentence.
 
 I. Background
 
 3
 Raul Morales, Jose Luis Renteria ("El Primo"), Jose Diaz-Garibay (Garibay), Arturo Cuevas, and appellants Pedroza and Renteria were charged in a two count indictment. Count One charged conspiracy to knowingly possess one kilogram of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Count Two charged knowing and intentional possession of four kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 Morales and "El Primo" pled guilty before trial and take no part in this appeal. Appellants were tried jointly before a jury with co-defendants Cuevas and Garibay. Appellants and Garibay were convicted on both counts.
 
 
 5
 The case began when undercover DEA Agent Tovar and a confidential informant engaged in negotiations to purchase kilograms of cocaine from Morales. Morales claimed to represent a cocaine source known as "El Primo". The negotiations culminated in arrangements for a meeting at the residence of "El Primo" where the transaction would take place.
 
 
 6
 Morales drove Tovar to the residence. When they arrived, Cuevas was waiting in front of the apartment and escorted them into the residence where they encountered El Primo and appellant Renteria. El Primo instructed appellant Renteria to lock and guard the front door of the residence. El Primo led Tovar and Morales to a second bedroom. There they encountered Garibay and appellant Pedroza for the first time.
 
 
 7
 Tovar was shown four plastic bags of cocaine which were under a blanket on the bed in that bedroom. After examining them, he left the apartment, saying he was going to get the purchase money to complete the transaction. As he walked out the door, he gave the arrest signal. Agents entered the apartment at that point and arrested those present.
 
 II. Motions for Severance
 
 8
 At trial, appellant Pedroza and Garibay presented partially inconsistent defenses. Both claimed they were innocent bystanders to the incident. Pedroza testified that on the day of the arrest, he had been trying to borrow a car to run an errand. He said that Garibay and his juvenile brother had offered him a ride. He testified that he innocently arrived at the scene of the transaction when Garibay said he had to make a brief stop while giving him a ride. The younger Garibay carried a diaper bag into the residence. Pedroza testified that El Primo led them to a bedroom where Garibay removed four bricks of cocaine from the diaper bag and handed them to El Primo. El Primo placed them on the bed. Pedroza testified that he did not speak or move during the drug transaction. He testified that when Tovar and Morales arrived, Garibay uncovered the cocaine packages to show them. He said that Garibay handed Tovar a steel nail file to make a hole in one of the bricks to test its contents.
 
 
 9
 Garibay testified that he innocently arrived at the scene of the transaction when Pedroza asked him for a ride to a friend's house. He said that Pedroza carried the diaper bag into the residence. He testified that when Tovar and Morales arrived, Pedroza pointed to where the cocaine packages were hidden under the blanket on the bed. Garibay denied handing Tovar any object to punch a hole in the plastic packages. He testified that he only spoke once to tell his brother that they should leave.
 
 A. Pedroza
 
 10
 Appellant Pedroza contends the district court erred by denying his motion to sever his trial from the trial of Garibay. We will overturn the district court's ruling on severance only upon a clear showing of abuse of discretion. United States v. Hartmann, 958 F.2d 774, 786 (7th Cir.1992); United States v. Tolliver, 937 F.2d 1183, 1189 (7th Cir.), cert. denied, 112 S.Ct. 329 (1991). Reversal requires that the defendant make a showing of compelling prejudice. United States v. Tedesco, 726 F.2d 1216, 1217 (7th Cir.1984). He must show that he could not have a fair trial without severance. United States v. Gonzalez, 933 F.2d 417, 421 (7th Cir.1991).
 
 
 11
 This court has often followed the formula that severance should only be granted when defenses are so inconsistent that the making of one party's defense would lead to an unjustifiable inference of another defendant's guilt or the acceptance of one party's defense would preclude acquittal of another defendant. United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir.), cert. denied, 484 U.S. 815 (1987); United States v. Emond, 935 F.2d 1511, 1514 (7th Cir.1991).
 
 
 12
 We have recently taken a slightly different approach to this issue. We recognize the premise underlying the old formula: The competing interests are best served if persons charged in connection with the same crime are tried together, unless there is a serious risk that joint trial will prevent the jury from making reliable determinations about the guilt or innocence of the defendants. United States v. Zafiro, 945 F.2d 881, 884-85 (7th Cir.1991), cert. granted, 112 S.Ct. 1472 (1992). We also recognize that severance based on "inconsistent defenses" is not always justified by the underlying premise. Id. Antagonistic defenses only warrant severance when necessary exculpatory evidence is unavailable to a defendant, or highly prejudicial evidence is unavoidable by him, solely because he is being tried jointly with another defendant. Id. at 886.
 
 
 13
 We conclude that the district court did not abuse its discretion under either method of analysis. Throughout the trial, both Garibay and Pedroza relied on the theory that they were innocent bystanders who unwittingly became observers of a cocaine transaction. The jury could have accepted Garibay's theory, Pedroza's theory, both theories, or, as appears to be the case here, neither theory. Acceptance of this defense with respect to one defendant would not have precluded acquittal of the other. Buljubasic, 808 F.2d at 1263; Emond, 935 F.2d at 1514.
 
 
 14
 Likewise, nothing indicates that joint presentation of Garibay's and Pedroza's defenses would present any risk that the jury would be unable to make reliable determinations of guilt or innocence. Zafiro, 945 F.2d at 886. Pedroza was not precluded from presenting exculpatory evidence essential to his defense or avoiding prejudicial evidence by the fact that Garibay was tried at the same time. The government sought to introduce evidence that Garibay possessed a small amount of cocaine on his person at the time of the arrest. The small amount of cocaine was of similar purity as that in the four kilogram bricks and was diluted with the same cutting agents. Pedroza sought to introduce the same evidence to show that Garibay and not Pedroza had delivered the four kilograms. The district court declined to admit the evidence on the grounds that neither Pedroza nor the government could produce expert testimony or chemical analysis indicating that the small amount came from the four kilogram bricks involved in the illegal transaction.
 
 
 15
 There is no reason to believe that this evidence would have been any more probative in a separate trial, although it is somewhat more likely that it would have been admitted in Garibay's absence. However, this evidence is neither exculpatory with respect to Pedroza nor essential to his "innocent bystander" defense. We disagree with Pedroza's contention that evidence inculpating Garibay necessarily exculpates Pedroza. Substantial evidence supported the government's theory, and the jury's finding, that both were guilty. Therefore, we cannot conclude that the district court abused its discretion by denying Pedroza's motion to sever.
 
 B. Renteria
 
 16
 Appellant Renteria also contends the district court erred by denying his motions to sever. First, he contends that the evidence against his codefendants was disproportionately greater than the evidence against him. We conclude that Renteria was adequately protected by the district court's instructions admonishing the jury to give separate consideration to the evidence against each individual defendant. United States v. Studley, 892 F.2d 518, 524 (7th Cir.1989); U.S. v. Zafiro, 945 F.2d at 885.
 
 
 17
 Next, Renteria contends that he was prejudiced by the antagonistic defenses presented by Pedroza and Garibay. Even accepting that Pedroza and Garibay presented defenses that were somewhat inconsistent with respect to each other, it is clear that none of Renteria's codefendants presented a defense which was antagonistic to his own in nay sense requiring severance. Zafiro, 945 F.2d at 886.
 
 
 18
 Finally, Renteria argues, in essence, that the joint trial prevented him from avoiding references by his codefendants' counsel that certain coconspirators had pled guilty and that certain codefendants were in custody. We conclude that the district court's instructions adequately protected Renteria from any prejudice from these references.
 
 
 19
 III. Sufficiency of the Evidence Against Renteria
 
 
 20
 Renteria contends there was insufficient evidence to convict him. In a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the government and determine whether any rational fact finder would have found the elements of the offense beyond a reasonable doubt. United States v. Durrive, 902 F.2d 1221, 1229 (7th Cir.1990). We must defer to reasonable inferences drawn by the jury. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990).
 
 
 21
 The record contains more than adequate evidence to support the jury's verdict. Renteria played an active role by leading Tovar to the room where the cocaine was hidden and where the illegal transaction was to take place. He was present during discussions of the deal and he acted as look out, locking and guarding the front door. His conviction on the possession count was more than adequately supported by substantial evidence of his coconspirators' possession with intent to distribute, for which he is also responsible. Pinkerton v. United States, 328 U.S. 640, 646-47 (1946).
 
 IV. Pedroza's Sentence
 
 22
 Pedroza contends the district court improperly penalized him twice for obstruction of justice. At sentencing, the district court enhanced Pedroza's offense level by two points for obstruction of justice based on the finding that Pedroza had given perjured testimony at trial. Based on that offense level, the district court arrived at a guideline range of 121 to 151 months. Pedroza does not appeal the guideline range. The district court exercised its discretion within the guideline range by imposing a sentence of 130 months. The court declined to impose the bottom of the range for the reason that Pedroza had suborned perjury from his juvenile son to corroborate his false testimony.
 
 
 23
 We find no basis to exercise jurisdiction over this part of Pedroza's appeal. Congress has limited our review to determining whether the sentence was "imposed in violation of law", "imposed as a result of an incorrect application of the sentencing guidelines", or "is outside the guideline range and is unreasonable". 18 U.S.C. § 3742(e), (f). Thus, this court does not have jurisdiction to review a district court's exercise of discretion within a properly calculated guideline range. United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990); U.S. v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990). We dismiss this portion of the appeal for lack of appellate jurisdiction.
 
 V. Conclusion
 
 24
 Based on the foregoing, the judgments of conviction are AFFIRMED. To the extent appellant Pedroza seeks review of his sentence, the appeal is DISMISSED.
 
 
 
 *
 Judge James M. Burns, Senior District Judge for the District of Oregon, is sitting by designation