**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tyrus MCNAIR, Defendant–Appellant.**

No. 03–3034.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 2003.

Decided Jan. 8, 2004.

Lovita Morris King, Office of the United States Attorney, Fort Wayne, IN, for Plaintiff–Appellee.

Jeffrey M. Brandt, Matthew M. Robinson, Robinson Brandt Law Offices, Cincinnati, OH, for Defendant–Appellant.

Before RIPPLE, MANION, and DIANE P. WOOD, Circuit Judges.

### ORDER

Tyrus McNair appeals from his conviction for conspiring to sell cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and his sentence of 360 months' imprisonment. McNair argues that he is entitled to relief for three reasons: (1) his rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* were violated; (2) the district court improperly concluded that McNair was a leader of the conspiracy under U.S.S.G. § 3B1.1(a) and enhanced his sentence ac-

cordingly; and (3) he was denied the right to a jury trial on the issues of whether he was a leader of the conspiracy and for what quantity of drugs he should be held responsible. We find none of these arguments availing and affirm.

The government obtained an indictment charging that McNair and a co-defendant, Kevin Streeter, conspired to distribute more than five kilograms of cocaine between June 1, 1996 and May 31, 2000. Arrest warrants for both men were issued on January 23, 2002. The authorities soon arrested McNair, and his initial appearance was on February 14, 2002. Streeter, however, proved more elusive: he was not apprehended until May 1, 2002. A joint trial was then scheduled for August 13, 2002 but, on Streeter's motion and over McNair's objection, the trial was delayed until September 24, 2002. Excluding delays due to McNair's pretrial motions, the parties agree that McNair's trial was delayed 97 days because of Streeter's status as a fugitive.

McNair proceeded to trial, where the government put forth evidence, including the following, in an effort to prove that McNair was a leader of a massive conspiracy to sell more than five kilograms of cocaine over the course of five years. Several witnesses testified that McNair asked them to take trips as drug couriers between Indiana and California in exchange for money, which McNair provided along with instructions on how to handle the cocaine. Leslie Lichtsinn, for example, testified that one of several California–to–Indiana runs that she made for McNair occurred in April 2000, when she flew to California after McNair sent her money for a plane ticket. According to Lichtsinn, McNair then picked her up from the airport and put her up in a hotel for several days. McNair then instructed Lichtsinn and Amy Smith to drive a Dodge Intrepid containing cocaine to Fort Wayne, Indiana, and then he and several of his accomplices followed behind her in a minivan.

Witnesses identified more than five conspirators who answered to McNair. Streeter, for example, testified that Greg Eley, John Eley, Wanda Morris, Charlene Freeman. Teresa Freeman, Marcus Ayres, somebody named "Tutie," as well as Lichtsinn and Smith, drove drug money from Indiana to California on McNair's orders between 1996 and 2001. McNair adduced no countervailing evidence.

On October 30, 2002, a jury of his peers found McNair guilty of conspiring to distribute cocaine, and specifically found that the amount of drugs involved was more than five kilograms of cocaine. The district court held a sentencing hearing on March 7, 2003. On June 10, 2003, after briefing by the parties, the district court issued its Sentencing Memorandum, in which it denied McNair's objections to the Presentence Investigative Report ("PSR") and struck other parts of the PSR. The district court determined that the drug quantity attributable to McNair pursuant to U.S.S.G. § 2D1.1(c)(2), when converted to marijuana, was 25,369.64 kilograms, which yielded a base offense level of 36. The court further determined that a four-level enhancement was warranted pursuant to U.S.S.G. § 3B1.1 for McNair's leadership role, finding that McNair was an organizer or leader of at least five other people involved in the criminal activity.

With a total offense level of 40 and a criminal history category of II, McNair's sentencing range was 324 to 405 months. On July 22, 2003, the district court sentenced McNair to 360 months' imprisonment, followed by five years' supervised release, and it ordered him to pay a $1,000.00 fine and a $100.00 special assessment. McNair appeals.

We begin with McNair's arguments regarding the Speedy Trial Act. Absent legal error (which is not alleged here), to prevail a defendant must prove both that the district court abused its discretion by delaying the trial and that he suffered actual prejudice as a result. *United States v. Turner*, 203 F.3d 1010, 1016 (7th Cir.2000). The government argues, among other things, that McNair "has shown no prejudice," and that we must therefore affirm.

■ Prejudice occurs when the delay is "intended to hamper [the] defendant's ability to present his defense." *United States v. Tedesco*, 726 F.2d 1216, 1221 (7th Cir. 1984). Although he puts forth a conclusory assertion that "the delay prejudiced McNair," McNair points to no evidence that the 97–day delay was either intended to, or actually did, hamper his ability to present his defense. McNair has thus failed to establish prejudice. We also note that McNair did not move for severance, which further suggests that he did not perceive the delay as hindering his ability to present a defense. We affirm on the ground that McNair has shown no prejudice and need not explore the issue of whether the district court committed an abuse of discretion by delaying the trial.

■ We turn next to the district court's enhancement, under U.S.S.G. § 3B1.1(a), for being an organizer or leader of the conspiracy. Section 3B1.1(a) instructs a sentencing court as follows: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." We review for clear error the sentencing court's application of § 3B1.1. *United States v. Gracia*, 272 F.3d 866, 876 (7th Cir.2001). We shall reverse only if we have a "definite and firm conviction" that a mistake has been made. *Id.* at 876.

McNair's only arguments as to this issue consist of a conclusory assertion that the witnesses who testified about his role as an organizer or leader were unreliable and that two other people were leaders just as much as was McNair. The latter point is irrelevant, as a conspiracy can have more than one leader or organizer, *United States v. Mankiewicz*, 122 F.3d 399, 406 (7th Cir.1997), and the former assertion is unsupported. The district court heard and assessed the reliability of these witnesses, and McNair has done nothing to undermine our confidence in the district court's assessment. We therefore affirm the district court's enhancement under U.S.S.G. § 3B1.1(a).

■ McNair's final argument boils down to the assertion that the application of the sentencing guidelines by the district court unconstitutionally deprived him of the right to a jury trial on the issues of (1) whether he was a leader of the conspiracy and (2) for what quantity of drugs he should be held responsible. He did not raise this argument below, so we review the issue for plain error. *See United States v. Holman*, 314 F.3d 837, 846 (7th Cir.2002). In any event, McNair's arguments must be rejected out of hand: where, as here, a guideline factor is unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, it may be determined by a sentencing judge. *United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001); *see also United States v. Brumfield*, 301 F.3d 724, 734–35 (7th Cir.2002) (holding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not implicated where the sentence does not exceed the statutory maximum).

**AFFIRMED.**