**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0140n.06**
**Filed: February 18, 2009**

**No. 07-1514**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MYRON EUGENE WOOD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DOUGLAS VASBINDER, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: NORRIS, BATCHELDER, ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This habeas petition arises from petitioner Myron Wood's conviction for possessing more than 650 grams of cocaine and his subsequent sentence to life imprisonment as a habitual drug offender. Wood unsuccessfully sought habeas relief on a number of grounds in the district court. Only the issue of his right to a speedy trial has been certified for appeal. Wood has produced state-court documents that were not part of the record before the district court which indicate, among other things, that he requested bail during his pre-trial incarceration. He asks this court to remand the case, arguing that the district court did not fulfill its obligation to consider all relevant portions of the state-court record. Because the new evidence which Wood

1

presents does not alter the outcome of a speedy-trial analysis, we decline to remand the case and instead deny the petition.

**I**

Petitioner Myron Wood was arrested in Wayne County, Michigan, on October 23, 1998, as part of a multi-jurisdictional drug investigation. The arrest took place less than a mile from the border of Oakland County, Michigan. The officers recovered a handgun, one kilogram of cocaine, and $6000. Authorities released Wood from custody after striking an agreement under which Wood would not be charged if he led a DEA agent to ten kilos of cocaine. Wood cooperated with the agent for a time, but in November 1998 he broke off contact and disconnected his phone. The DEA agent issued a warrant for Wood's arrest in Macomb County, Michigan, and Wood was apprehended in March 1999.

Relying on statements Wood made at the time of his original arrest, the State attempted to prosecute Wood as part of a drug conspiracy in Macomb County. Wood successfully sought to have those statements suppressed. The prosecution, recognizing that it could no longer prove venue in Macomb County, sought a change of venue to Oakland County.[1] At a hearing on January 27, 2000, the date on which the case was set for trial, Wood acknowledged that venue would be proper in Oakland County, and the court granted the transfer. The case was set for trial on August 31, 2000.

---

[1]Michigan law allows charges to be brought in a given county where the arrest was made outside the county but within one mile of the county's border. Mich. Comp. Laws § 762.3(1).

In August, Wood's counsel requested a postponement, and the trial was rescheduled to December 2000. For reasons not clear from the record, the case was transferred to a different court in December. The parties met in early 2001 and set the trial date for April 21, 2001. The trial took place as scheduled in April 2001, approximately twenty-six months after Wood was rearrested and charged with possession of cocaine.

At the opening of the trial, Wood moved to have the case dismissed, claiming a violation of his constitutional right to a speedy trial. Wood acknowledged that he was on parole for a 1988 drug offense at the time of his March 1999 arrest, and that he was being held in state prison as a result of that parole violation. Wood further acknowledged responsibility for the postponement in August 2000. The trial court denied the motion to dismiss, finding that the defense was responsible for some part of the delay and that the prosecution made a good faith effort to bring the case to trial.

The jury convicted Wood of possessing more than 650 grams of cocaine. Because he was a repeat drug offender, the court sentenced Wood to life imprisonment under Michigan's mandatory sentencing statute. Wood appealed his conviction to the Michigan Court of Appeals. In order to evaluate Wood's speedy trial claim, the Michigan court considered four factors: "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) prejudice to the defendant resulting from the delay." *People v. Wood*, No. 235558, 2003 WL 1558222, at *2 (Mich Ct. App. Mar. 25, 2003) (citing *People v. Mackle*, 617 N.W.2d 339, 349

(Mich. Ct. App. 2000)).[2] The Michigan court noted that eight months of the twenty-six-month delay were attributable to the defense. *Wood*, 2003 WL 1558222, at \*2. The court went on to say that "although defendant maintains that he 'consistently' asserted his right to a speedy trial, the record is devoid of any evidence of a prior request." *Id*. Indeed, "[t]he only time defendant appears to have asserted any right to a speedy trial was on the first day of trial when he moved unsuccessfully to dismiss the charges due to the delay." *Id*. Finally, the court concluded that Wood had not been prejudiced, rejecting his argument that the delay prevented him from locating res gestae witnesses to his arrest. *Id*. The Michigan Supreme Court denied leave to appeal. *People v. Wood*, No. 123888, 2003 WL 22519865 (Mich. Oct. 3, 2003).

Wood sought habeas relief in federal court. The district court ordered the State to respond and to file copies of "any prior decision, pleading, brief and/or transcript needed to adjudicate the issues presented." The district court denied all of Wood's claims for relief. *Wood v. Vasbinder*, No. 04-10049, 2007 WL 907642 (E.D. Mich. Mar. 23, 2007). The court engaged in a detailed analysis of the four *Barker v. Wingo* factors before concluding that the Michigan court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Id.* at \*7-9. With regard to the factor involving Wood's assertion of his right, the district court said, "Although the petitioner claims that he consistently objected to the delay, the finding of the

---

[2]Although the Michigan court cited Michigan precedent for the four factors used to analyze Wood's speedy trial claim, those factors parallel the factors articulated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Michigan Court of Appeals that the only time that the petitioner asserted his right to a speedy trial was on the day of trial is fully supported by the record." *Id.* at *8.

In conjunction with this appeal, Wood submits several state court documents and asks this court to take judicial notice of them. One is a hearing disposition form dated August 23, 1999, from the Macomb County Circuit Court. The portion of the form noting that the defendant was remanded to custody includes the following handwritten annotation: "Parties stip to have case reviewed by Central Intake on bond. People OBJECT to any lowering of bond." Wood also submits the State's motion to admit the statements he made subsequent to his 1998 arrest. In that motion, the State attempted to distinguish two Michigan cases in which statements made to the police in conjunction with leniency agreements were excluded as involuntary.

Wood argues that the absence of the document reflecting his request for bond from the record before the district court undermines the district court's speedy trial decision and requires remand. Wood also argues that the State's motion to admit statements was the only basis for venue in Macomb County and was based on uncommonly feeble arguments for admitting his inculpatory statements, such that the portion of delay attributable to proceedings in Macomb County was not taken in good faith. He therefore asks this court to remand his case to the district court so the district court can consider these additional portions of the state court record. In the alternative, he asks the court to take judicial notice of the extra documents and to find a violation of his right to a speedy trial.

**II**

We deny the petition because, even considering Wood's additional documents and affording the case de novo review,[3] Wood does not demonstrate a violation of his right to a speedy trial. Although the situation presented by this case does not call for judicial notice,[4] we consider the documents for the limited purpose of determining that they do not change the outcome of our review.

The new evidence which Wood presents does not alter the balance struck by the state court in any significant way. The relevant Supreme Court precedent, *Barker v. Wingo*, 407 U.S. 514 (1972), established a balancing test with the following four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. The four factors together weigh against Wood.

With regard to the first factor, the length of delay in Wood's case was long enough to raise a presumption of violation of the right to a speedy trial, but was much shorter than that the delay in other cases where no violation was found. Wood experienced a total delay of twenty-six months,

---

[3]This circuit recently held in *Brown v. Smith*, No. 06-2295, 2008 WL 5411899 (6th Cir. Dec. 31, 2008), that AEDPA deference does not apply to an earlier state-court proceeding "whenever new, substantial evidence supporting a habeas claim comes to light during the proceedings in federal district court." *Id.* at *3. It is not clear whether *Brown* applies to the instant case. Nevertheless, the result in this case does not depend on the applicability of *Brown*, because the result is the same whether we use AEDPA deference or de novo review.

[4]While Federal Rule of Appellate Procedure 10(e) does allow amendment of the record on appeal in limited circumstances, "the purpose of amendment under this rule is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) (emphasis in original). Therefore, where new state-court documents require full consideration, the case should be remanded. *Id.*

eight of which the district court attributed to him.[5]  The Supreme Court has noted that a delay of one year is generally enough to trigger an inquiry under *Barker*.  *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).  However, the Court also noted that passing this threshold does not necessarily indicate prejudicial delay in a particular case.  *Id.*  The delay found to be prejudicial in *Doggett* lasted eight and a half years, *id.* at 652, a decidedly longer period than the one at issue in this case.  The petitioner in *Barker* experienced a five-year delay, yet the Court did *not* find a violation of the right to a speedy trial in *Barker*.  407 U.S. at 533-34, 536.

With regard to the second factor, Wood's additional evidence does not establish that the State delayed the trial in bad faith.  Wood suggests that the State's motion to admit statements he made to the police after his October 1998 arrest relied on such meritless arguments that it constituted inexcusable delay.  The State argued that, under the totality of the circumstances, Wood's statements were voluntary.  The State also argued that a change in Michigan Rule of Evidence 410 ended Michigan's practice of excluding statements made to police in conjunction with promises of leniency, since the revised Rule 410 excluded only those statements made to attorneys for the prosecuting authority.  While these arguments were ultimately unsuccessful, they do not appear to be frivolous or made in bad faith.

Wood cites *People v. Conte*, 365 N.W.2d 648 (Mich. 1984), for the premise that "a

---

[5]Wood now argues for the first time on appeal that he is responsible for only four months of delay.  In his habeas petition to the district court, Wood stated, "Undoubtedly, defense counsel did move for an adjournment of the proceedings, which was due to the unavailability of counsel. [Citation omitted.]  This modicum of delay consumed a meager eight months."  He thus conceded responsibility for eight months of delay.

confession induced by a law enforcement official's promise of leniency is involuntary and inadmissible." *Id.* at 662. Yet *Conte* is an intricate web of pluralities and concurrences not easily understood without the benefit of subsequent precedent. Courts interpreting *Conte* have concluded that four justices embraced a totality of the circumstances test, while only three adhered to the lead opinion. *See, e.g.*, *People v. Givans*, 575 N.W.2d 84, 87 (Mich. Ct. App. 1997); *People v. Gilliam*, No. 221164, 2000 WL 33405942, at *2-3 (Mich. Ct. App. Oct. 13, 2000). An argument that Wood's statements were voluntary under all the circumstances is consistent with the Michigan courts' interpretations of *Conte*.

Subsequent to *Conte*, the Michigan Supreme Court revised Michigan Rule of Evidence 410, which deals with statements made in conjunction with plea negotiation. *See People v. Dunn*, 521 N.W.2d 255, 257 n.14 (Mich. 1994). Where the previous rule required suppression of all statements made during plea negotiations, the amended rule only suppressed statements made to an attorney for the prosecuting authority. *Compare id. with* Mich. R. Evid. 410. In an appeal decided after the amendment, the Michigan Supreme Court contemplated a distinction between statements made to the police and statements made to a prosecuting attorney. *Dunn*, 521 N.W.2d at 258. The State did not act in bad faith or for the purpose of sheer delay by pursuing an argument along those lines.

With regard to the third factor, Wood's single request for bond does not demonstrate a vigorous assertion of the right to a speedy trial. Wood presents one state-court document indicating a single request for bond as evidence that he vigorously asserted his right to a speedy trial prior to the actual day of trial. Yet the caselaw indicates that more is required before this factor weighs in

favor of a petitioner. This court held in *Maples v. Stegall*, 427 F.3d 1020 (6th Cir. 2005), that a request for bail or a reduction in bail is an assertion of the right to a speedy trial; but the petitioner in *Maples* made six assertions of the right, a far more vigorous effort than the single assertion at issue in the instant case. *See id.* at 1029-30. This court noted in *United States v. Holyfield*, 802 F.2d 846 (6th Cir. 1986), that a single assertion of the right can be enough to make this factor weigh in a petitioner's favor. *Id.* at 848. Yet Holyfield's single assertion—an opposition to a motion for delay and a statement that he was prepared to proceed to trial—was significantly more direct than Wood's, and this court nonetheless found that Holyfield's right to a speedy trial was *not* violated. *Barker*, the seminal case on the right to a speedy trail, also weighs against Wood. In that case, the petitioner sought and received bond, objected to several continuances, and asserted his right to a speedy trial when the trial finally occurred. *Barker*, 407 U.S. at 534-35. Yet the Supreme Court held that the factor concerning Barker's assertion of his right weighed *against* him, and ultimately that his right to a speedy trial was not violated. *Id.* at 534-36.

With regard to the fourth factor, Wood does not demonstrate prejudice. *Barker* identifies three kinds of prejudice that a defendant might experience: oppressive pre-trial incarceration, anxiety and concern, and impairment of his defense. 407 U.S. at 532. The record indicates that Wood was incarcerated because he violated parole and that his sentence for the instant conviction could not begin to run until the previous sentence expired. Although Wood may have experienced anxiety while facing charges that would likely lead to life imprisonment, the strength of the case against him makes it just as likely that he was reticent to see the case come to trial. That Wood never

sought to be brought to trial other than by making one initial request for bail does little to demonstrates eagerness over reticence. Finally, there is no evidence that the delay prejudiced Wood's defense. Wood asserts that the delay prevented him from locating witnesses, but he does not say to what these witnesses would have testified or how his defense was prejudiced by their absence. *Cf. Redd v. Sowders*, 809 F.2d 1266, 1272 (6th Cir. 1987) (delay impaired defense because alibi witnesses were no longer available).

None of the four factors weighs strongly in Wood's favor and some weigh against him decidedly. Even considering his additional state-court documents and reviewing his claims de novo, we find no violation of Wood's right to a speedy trial. The omission of those state-court documents from the district court's review therefore appears to be harmless.

**Conclusion**

For the foregoing reasons, the judgment of the district court denying Wood's petition is affirmed.