**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**W. Otis CULPEPPER,
Defendant–Appellant.**

No. 88–1880.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 1, 1989.

Decided March 12, 1990.

Jeffrey Foran, Asst. U.S. Atty., Kathleen Moro Nesi, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Detroit, Mich., for U.S.

Hugh M. Davis, Jr. (argued), Detroit, Mich., for W. Otis Culpepper.

Before KRUPANSKY and RYAN, Circuit Judges; and WILHOIT, District Judge.[*]

KRUPANSKY, Circuit Judge.

On July 21, 1987, a grand jury of the United States District Court for the Eastern District of Michigan returned a secret indictment charging W. Otis Culpepper (Culpepper) with one count of evading the payment of income taxes for the years 1978 and 1980, in violation of 26 U.S.C. § 7201, three additional separate counts for failure to file and pay income taxes for the years

---

[*] The Honorable Henry R. Wilhoit, Jr., United States District Judge, for the Eastern District of Kentucky, sitting by designation.

1981, 1982, and 1983, respectively, in violation of 26 U.S.C. § 7201, and a fifth count charging him and a co-defendant, Milton David Jones (Jones), a purported member of a narcotics enterprise known as the Young Boys, Inc., with conspiring to defraud the United States by concealing assets in violation of 18 U.S.C. § 371.

On May 12, 1988, subsequent to a bench trial, the district court convicted Culpepper of counts 1, 3, and 4 of the indictment charging evasion of income taxes for the years 1978, 1980, 1982, and 1983. The trial court dismissed count 2 of the indictment charging the evasion of income taxes for the year 1981 and count 5 of the indictment charging a conspiracy, concluding that there was insufficient evidence to support those alleged offenses.

Culpepper, upon appellate review, seeks to vacate his convictions charging, *inter alia,* the infringement of his right to a speedy trial as mandated by the Speedy Trial Act (the Act), 18 U.S.C. § 3161 *et seq.,* which provides that "a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate." *Henderson v. United States,* 476 U.S. 321, 322, 106 S.Ct. 1871, 1873, 90 L.Ed.2d 299 (1986); *accord United States v. Monger,* 879 F.2d 218 (6th Cir.1989); *United States v. Crane,* 776 F.2d 600 (6th Cir.1985). 18 U.S.C. § 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

*See also United States v. Blackmon,* 874 F.2d 378, 380 (6th Cir.1989). If the 70-day deadline is not honored, "the district court must dismiss the indictment, either with or without prejudice." 18 U.S.C. § 3162(a)(2); *see also Monger,* 879 F.2d at 220.

Absent excusable reprieves from the 70-day mandate of 18 U.S.C. § 3161(c)(1), a timely trial of Culpepper should have commenced upon the expiration of 70 days from the date of his arraignment on August 30, 1987. His trial, however, did not begin until April 25, 1988, or 178 days beyond the 70-day limitation. Accordingly, confronting this appellate proceeding is a review of the reasons advanced for delaying his trial within the excludable tollings permitted by § 3161 *et seq.* and the judicial pronouncements interpreting the pertinent sections of the Act.

■ Initially, appellant's arguments to the contrary, the Supreme Court teaches that absent a timely severance of a co-defendant from petitioner's trial:

> All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant. *See* 18 U.S.C. § 3161(h)(7). Once Bell was joined with petitioners in the September 3 superseding indictment, their 70-day period was measured with respect to his.

*Henderson v. United States,* 476 U.S. at 323 n. 2, 106 S.Ct. at 1873 n. 2 (1986); *accord United States v. Blackmon,* 874 F.2d 378 (6th Cir.1989); *United States v. Pelfrey,* 822 F.2d 628, 634 (6th Cir.1987) (speedy trial clock commenced when the last codefendant was arraigned). Accordingly, applying the dictates of the enunciated precedents, the 70-day limitation clock in the instant case did not begin to run on Culpepper's behalf until the arraignment of his co-defendant Jones on September 25, 1987. 18 U.S.C. § 3161(h)(7).

■ Where multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs the action. Section 3161(h)(7) provides:

> (7) A reasonable period of delay when defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.

18 U.S.C. § 3161(h)(7); *see also Henderson,* 476 U.S. at 323 n. 2, 106 S.Ct. at 1873 n. 2. "All defendants who are joined for trial

generally fall within the speedy trial computation of the latest co-defendant." *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir.1989). "The excludable delay of one co-defendant may be ascribed to all defendants." *Blackmon*, 874 F.2d at 380; *see also United States v. Monroe*, 833 F.2d 95, 100 (6th Cir.1987); *United States v. Pelfrey*, 822 F.2d 628, 634 (6th Cir.1987); *United States v. Holyfield*, 802 F.2d 846, 847–48 (6th Cir.1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987); *United States v. Papaleo*, 853 F.2d 16, 20 (1st Cir.1988). In the case at bar, Culpepper, having failed to petition for severance, cannot, at this late date, seek to evade the requirements of § 3161(h)(7). Moreover, the six days beyond the 10–day travel limitation of 18 U.S.C. § 3161(h)(1)(H) attributed to transporting Jones from Texas to Detroit for his arraignment on September 25, 1987, which appellant insists should be charged against the 70–day trial injunction, is of no consequence to appellant since the time interval would not have impacted the ultimate calculation of his speedy trial limitation.

■ On October 9, 1987, the trial court granted the October 6, 1987 motion of legal counsel for co-defendant Jones to withdraw as his counsel. The four-day interval was excludable pursuant to § 3161(h)(1)(F) which provides that "delay[s] resulting from any pretrial motion[s], from the filing of the motion through the conclusion of the hearing on or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F); *accord Henderson*, 476 U.S. at 326–27, 106 S.Ct. at 1874; *Monger*, 879 F.2d at 220; *United States v. Felton*, 811 F.2d 190, 195 (3d Cir.1987) (*en banc*) (subsection (F) excludes the period from the filing of the motion until the parties complete the sub-

missions necessary for the court to reach a decision); *United States v. Papaleo*, 853 F.2d 16, 21 (1st Cir.1988) ("both the date on which the motion is filed and the date on which the court disposes of the motion are part of this excludable period").

Pursuant to a pretrial on October 15, 1987, the trial judge entered an "ends of justice" continuance effective October 16, 1987, pursuant to 18 U.S.C. § 3161(h)(8)(A), upon concluding that orderly judicial procedure required the disposition of a pivotal criminal trial styled *United States v. Jones*, Crim. No. 87–80648 (E.D.Mich.1988) (hereinafter Young Boys), involving the widespread distribution of narcotics by an organization known as Young Boys, Inc., which trial was anticipated to occur on or about February 1, 1987, in which Jones was a named defendant, before the three other inextricably related cases could proceed to trial.[1] Culpepper's legal counsel agreed with the court's resolution and took no exception to the "ends of justice" continuance.

■ Although Culpepper, on appeal, did not contest the October 16, 1987 order of continuance pursuant to the "ends of justice" exclusion, he has argued that, on January 13, 1988, when co-defendant Jones tendered a bargained guilty plea pursuant to Fed.R.Crim.P. 11,[2] the purpose of the "ends of justice" continuance was no longer valid; consequently, the 70–day speedy trial clock should have been reactivated resulting in a 91–day impermissible delay in violation of the Act.[3] The Young Boys' narcotics trial was concluded on April 5, 1988 subsequent to which the trial court, on April 21, 1988, expeditiously evaluated and accepted the guilty plea tendered by Jones on January 13. Thereafter, the trial

---

1. The interrelated cases were: (1) *United States v. Jones*, Crim. No. 87–80648 (E.D.Mich.1988), (2) *United States v. Culpepper*, Crim. No. 87–80543 (E.D.Mich.1988), (3) *United States v. Jones*, Crim. No. 87–90013 (E.D.Mich.1988), and (4) *United States v. Jackson*, Crim. No. 87–80542 (E.D.Mich.1988).

2. The guilty plea involved all three of the related cases in which Jones was named as a defendant. Case Nos. 87–80648, 87–90013, and 87–80543. The plea agreement provided that Jones

would plead guilty in Case Nos. 87–80648 and 87–90013 and that charges in Case No. 87–80543, the instant matter, would be dismissed.

3. The 91 days elapsed from January 13, 1988 through April 14, 1988, when Culpepper filed various pretrial motions including a motion for a continuance. The pretrial motions tolled the speedy trial clock from April 14, 1988 until the commencement of the trial on April 25, 1988.

judge disposed of various Culpepper pending motions filed on April 14, 1988 and commenced appellant's trial on April 25, 1988.

Section 3161(h)(1)(I) provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government;

18 U.S.C. § 3161(h)(1)(I). *See United States v. Bowers*, 834 F.2d 607, 610 (6th Cir.1987) (per curiam). Accordingly, existing precedent dictates that the time required by a trial court to consider a guilty plea tolls the accrual of the speedy trial clock.

To properly assess the appellant's argument that the 70–day speedy trial clock was reactivated by the plea agreement tendered by Jones on January 13, 1988, this court is charged with evaluating the reasonableness of the delay within the context of all circumstances impacting the tendered plea. "In determining whether the delay attributable to a co-defendant is reasonable, courts 'are guided by the purpose Congress intended to serve when it enacted section 3161(h)(7).' " *Monroe*, 833 F.2d at 100 (quoting *United States v. Dennis*, 737 F.2d 617, 621 (7th Cir.), *cert. denied*, 469 U.S. 868, 105 S.Ct. 215, 83 L.Ed.2d 145 (1984)).

The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion. Congress thus explicitly recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice feeling that the efficiency and economy of joint trials far outweighed the desirability of granting severance where the criterion was simply the passage of time. *Monroe*, 833 F.2d at 100 (citations omitted); *accord United States v. Novak*, 715 F.2d 810, 814 (3d Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). In considering the complexities of the four interrelated cases confronting the trial court, together with the impact that the final disposition of the Young Boys' narcotic trial would have upon the remaining cases, the trial judge acted with perception and acumen in adopting and implementing a reasonable and orderly administration of the four cases demanding his expeditious disposition. Accordingly, the 70–day speedy trial limitation imposed by the Act was tolled between January 13 and April 21, 1988 when the court accepted Jones' tendered guilty plea. The limitation period was further abated until the commencement of appellant's trial on April 25, 1988, during which period the court considered and disposed of Culpepper's various pretrial motions which had been filed on April 14, 1988. 18 U.S.C. § 3161(h)(1)(F).

To briefly summarize the calculation of the 70–day speedy trial limitation of the Act from a base of 248 days which lapsed between August 21, 1987, the date of appellant's arraignment, and the commencement of his trial on April 25, 1988, it is apparent that the 70–day limitation was tolled during the time intervals between:

1. August 21, 1987 and September 25, 1987, the respective arraignment dates of appellant and his co-defendant Jones for a total of 35 days; and

2. October 6, 1987 and October 9, 1987 during which period the court considered and disposed of a motion to withdraw as legal counsel filed by Jones' attorney for a total of four days; and

3. October 16, 1987 and January 13, 1988, the date of the guilty plea tendered by Jones which appellant argues should have reactivated the 70–day limitation clock tolled by the trial court's "ends of

justice" continuance entered on October 16, 1987, without objection from Culpepper's counsel for a total of 89 days; and

4. January 13, 1988 and April 21, 1988 the date on which the trial court approved and accepted the guilty plea tendered by Jones on January 13, 1988 for a total of 100 days; and

5. April 21, 1988 and the commencement of appellant's trial on April 25, 1988 during which period the trial court considered and disposed of various pretrial motions which had been filed by appellant on April 14, 1988 for an additional four days;

for a grand total of 232 excludable days from the 248 days which intervened between appellant's arraignment and trial or the expiration of 16 nonexcludable days which were chargeable against the 70–day limitation.

Assuming arguendo, that the district court's "ends of justice" continuance to which appellant took no exception remained effective for its intended period, namely the final disposition of the Young Boys' trial which actually concluded on April 5, 1988, appellant fares no better in advancing his speedy trial argument. The "ends of justice" continuance would have remained in effect until April 5, 1988 for a total of 173 days, which when added to the 12–day interval between April 14 and the commencement of appellant's trial on April 25, 1988 attributable to disposing of appellant's pending pretrial motions, for a total of 185 days, which when aggregated with the 39 days between September 27, 1987, the date of the Jones' arraignment, and October 16, 1987, the date of the "ends of justice" entry of continuance, resulting in a grand total of 224 days, or 24 non-excludable days chargeable against the 70–day speedy trial mandate.

This court having considered Culpepper's remaining assignments of error concludes that they are without merit. Accordingly, judgment of Culpepper's conviction is AFFIRMED.