76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor L. BROOKS, Defendant-Appellant.
 No. 95-3037.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1996.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 OPINION
 
 2
 Victor L. Brooks appeals his conviction and the sentence he received for conspiring to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Brooks entered a conditional guilty plea to this charge, reserving his right to appeal the denial of a motion to dismiss based on an alleged violation of his right to a speedy trial. On December 30, 1994, the district court sentenced Brooks to 90 months of imprisonment and three years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 Brooks's counsel has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). As potential issues, counsel notes that Brooks may argue that his statutory and constitutional rights to a speedy trial were violated. Brooks was served with counsel's motion and brief, but he has not filed any response.
 
 
 5
 An independent review of the record reveals no substantial issues that would support an appeal in this case. The district court's legal conclusions regarding Brooks's right to a speedy trial are reviewed de novo, while its factual findings are reviewed for clear error. See United States v. Carroll, 26 F.3d 1380, 1390 (6th Cir.1994). Under the Speedy Trial Act, a defendant must be tried within 70 days after the indictment is filed and made public. 18 U.S.C. § 3161(c)(1). However, delays are excludable if they result from any pretrial motion. 18 U.S.C. § 3161(h)(1)(F). The Act also excludes any reasonable delay, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court. 18 U.S.C. § 3161(h)(1)(J).
 
 
 6
 The record shows that Brooks joined in a speedy trial motion that had been filed by a codefendant, Wilbur Norman. Since the defendants' trials were not severed, the district court properly found that its computations regarding Norman's claim applied to Brooks as well. See 18 U.S.C. § 3161(h)(7); United States v. Culpepper, 898 F.2d 65, 66-67 (6th Cir.), cert. denied, 498 U.S. 856 (1990). Thus, the court properly excluded the delays that were caused by the motions of Norman and the other defendants in finding that Brooks's rights under the Speedy Trial Act had not been violated. Even the liberal calculations in counsel's Anders brief show that only 61 days of non-excludable delay had elapsed before Brooks entered his guilty plea. Furthermore, a de novo review of the record shows that Brooks's rights under the Speedy Trial Act were not violated even if only his own pretrial motions are considered.
 
 
 7
 To determine whether Brooks's Sixth Amendment right to a speedy trial was violated, we balance: 1) the length of the delay; 2) the reason for the delay; 3) the manner in which the right is asserted; and 4) any prejudice that Brooks suffered. See United States v. Tinson, 23 F.3d 1010, 1013 (6th Cir.1994). The first two factors weigh against Brooks because compliance with the Speedy Trial Act strongly indicates that there was no violation of his constitutional right to a speedy trial. See United States v. Nabors, 901 F.2d 1351, 1356 (6th Cir.), cert. denied, 498 U.S. 871 (1990). The third factor is neutral at most, as Brooks merely adopted Norman's motion without submitting any significant argument in support. Finally, there is no indication that Brooks was prejudiced by the delay. Thus, it is clear that Brooks's constitutional right to a speedy trial was not violated here.
 
 
 8
 The rearraignment transcript indicates that Brooks's guilty plea was intelligent and voluntary and that the trial judge substantially complied with the requirements of Fed.R.Crim.P. 11. The court determined that Brooks was competent to enter his plea and established that he understood the constitutional rights that he was waiving, the nature of the charges against him and the consequences of his plea. Brooks acknowledged the factual basis of his plea and indicated that his plea was voluntary. Under these circumstances, it would be frivolous to argue that Brooks's guilty plea was invalid.
 
 
 9
 Brooks challenged the presentence investigation report insofar as it indicated that he was equally culpable with the other defendants and that he was more than a minor participant in the conspiracy. The district court properly denied this objection because Brooks did not meet his burden of showing that he was a minor participant by a preponderance of the evidence. See United States v. Nagi, 947 F.2d 211, 214-15 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). We note that counsel declined the district court's offer to hold an evidentiary hearing on this issue and that the facts admitted by Brooks indicate that he was not less culpable than most other defendants, as required by USSG § 3B1.2, comment. (n. 3). See United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). The other objections that Brooks filed were either granted, denied because the disputed information had been admitted at his rearraignment or denied with assurances by the court that the disputed information would not affect his sentence. Moreover, the 90-month sentence that Brooks ultimately received fell below the range that had been recommended in the presentence investigation report. No other potential error is apparent from the present record.
 
 
 10
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation