77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilbur K. NORMAN, Jr., Defendant-Appellant.
 No. 95-3062.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, BROWN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Wilbur K. Norman, Jr., a federal prisoner, appeals his judgment of conviction for conspiracy to possess with intent to distribute and to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Norman and seven codefendants were named in a ten-count indictment in which Norman was charged with conspiracy (count 1), money laundering (counts 2-4), and income tax evasion (count 8). On April 26, 1994, he pleaded guilty to count one, while reserving the right to appeal the issue presented herein. The remaining counts were dismissed. The district court sentenced Norman on January 9, 1995, to 46 months in prison, three years of supervised release, and a $1,000 fine. This sentence represented a downward departure from the calculated guidelines sentencing range of 108-135 months pursuant to the government's motion under USSG § 5K1.1 in light of Norman's substantial assistance.
 
 
 3
 On appeal, Norman argues that the district court erred in denying his motion to dismiss the indictment based upon an alleged violation of his statutory right to a speedy trial pursuant to 18 U.S.C. § 3161 et seq.
 
 
 4
 Upon review, we conclude that the district court did not err in denying Norman's motion to dismiss. This court reviews a district court's factual determinations regarding alleged violations of the Speedy Trial Act for clear error and reviews its conclusions of law de novo. United States v. Carroll, 26 F.3d 1380, 1390 (6th Cir.1994).
 
 
 5
 The Speedy Trial Act requires that a defendant be tried within 70 days of the latter of either the filing of an indictment or information, or the defendant's first appearance before a judge or magistrate judge. 18 U.S.C. § 3161(c)(1); Henderson v. United States, 476 U.S. 321, 322 (1986). Congress, however, also provided for the exclusion of certain periods of delay from the running of the "speedy trial clock." For example, § 3161(h)(1)(F) excludes from this time the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Henderson, 476 U.S. at 322. Furthermore, where multiple defendants are charged in an indictment and no severance has been granted, only one speedy trial clock governs the action; thus, the excludable delay precipitated by one codefendant may be ascribed to all defendants. 18 U.S.C. § 3161(h)(7); Henderson, 476 U.S. at 327; United States v. Culpepper, 898 F.2d 65, 66-67 (6th Cir.), cert. denied, 498 U.S. 856 (1990).
 
 
 6
 The parties agree that the speedy trial clock in this case began to run on May 13, 1993, when the indictment was unsealed. The clock finally stopped on April 26, 1994, when the district court accepted Norman's guilty plea. During the intervening period, there were a number of delays due to motions filed by Norman and his codefendants and on April 8, 1994, Norman filed a motion to dismiss, alleging the violation of his statutory and constitutional rights to a speedy trial. Following a hearing, the district court denied the motion in a decision and entry filed on April 18, 1994. The district court first addressed Norman's two principal contentions: that the time between the date a brief was due and when it was actually filed out-of-time was not excludable, and that discovery and other "administrative" types of motions do not toll the clock. As to the first argument, the district court relied on Henderson to conclude that the entire period of delay from the filing of a motion up to the filing of the final brief accepted by the trial court is automatically excluded, regardless of whether the briefing schedule was violated. As to the second issue, the district court found that Norman's reliance on this court's decision in United States v. Mentz, 840 F.2d 315 (6th Cir.1988), was misplaced and that, because the district court gave thought to and ruled on the discovery motions, they were properly excludable under the Act. The district court set forth in detail its calculation of the speedy trial clock in this case and determined that, as of the date that decision was filed, 31 days remained on Norman's speedy trial clock.
 
 
 7
 In his brief on appeal, Norman again argues that the clock was not tolled upon the filing of a codefendant's discovery motion or for briefs filed out-of-time. Under this scenario, Norman asserts that the 70-day period had run by March 18, 1994, and that his case was subject to dismissal on his motion filed on April 8, 1994.
 
 
 8
 We have examined the record and applicable case law and conclude that the district court's conclusions of law and, therefore, its speedy trial clock calculations are correct. See Henderson, 476 U.S. at 331; United States v. Chalkias, 971 F.2d 1206, 1210-11 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 351 (1992). Consequently, the district court did not err in denying Norman's motion to dismiss the indictment.
 
 
 9
 Accordingly, the district court's judgment, entered on January 10, 1995, is affirmed.