**UNITED STATES of America,
Plaintiff,**

v.

**Andre E. MAHAN and Deric E.
Marshall, Defendants.**

**Nos. 3:04cr189(1), 3:04cr189(2).**

United States District Court,
S.D. Ohio,
Western Division.

Feb. 2, 2006.

Vincent Paul Popp, Aaron G. Durden, Dayton, OH, for Defendants.

Mona Guerrier, United States Attorney's Office, Dayton, OH, for Plaintiff.

DECISION AND ENTRY OVERRULING MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT FILED BY DEFENDANT DERIC MARSHALL (DOC. # 55); DECISION AND ENTRY OVERRULING MOTION TO DISMISS WITH PREJUDICE FILED BY DEFENDANT ANDRE MAHAN (DOC. # 56)

RICE, District Judge.

Defendant Andre Mahan ("Mahan") and Deric Marshall ("Marshall") are each jointly charged in the Superseding Indictment (Doc. # 45) with three counts of armed bank robbery, in violation of 18 U.S.C. § 2113, and three counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). In addition, Mahan is charged separately with one count of armed bank robbery and one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Finally, Marshall is charged separately with two counts of possessing a firearm after having been convicted of a felony. Marshall is also charged with one count of bank robbery in *United States v. Deric Marshall*, Case No. 04cr186, a charge which stems from a bank robbery that occurred in Zanesville, Ohio, on September 30, 2004.

This case is now before the Court on Marshall's Motion to Dismiss Under the Speedy Trial Act (Doc. # 55) and Mahan's Motion to Dismiss with Prejudice (Doc. # 56).[1] As a means of analysis, the Court will rule upon those two motions in the above order.

I. *Marshall's Motion to Dismiss Under the Speedy Trial Act (Doc. # 55)*

■ With his motion, Marshall argues that his prosecution must be dismissed,

because he was not indicted within 30 days of his arrest as required by the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq.* The STA provides that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Marshall asserts that the Government did not meet its obligation under § 3161(b), given that a criminal complaint charging him with the offenses for which he has been indicted was filed on October 28, 2004, and the Indictment in this matter was not returned until December 15, 2004, more than 30 days later. For reasons which follow, this Court concludes that Marshall has failed to meet his burden of demonstrating that the Government violated the STA in that manner. *See United States v. Cope*, 312 F.3d 757, 777 (6th Cir.2002) (noting that the defendant has the burden of demonstrating that the Government violated the STA), *cert. denied*, 540 U.S. 871, 124 S.Ct. 198, 157 L.Ed.2d 130 (2003); 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion [to dismiss the indictment based on a violation of the STA].")

As an initial matter, a criminal complaint and arrest warrant were issued against Marshall on October 18, 2004, rather than October 28th, as Marshall asserts. *See* Docs. ## 1 and 2 in Case No. 3:04mj260. After the return of the Indictment in this prosecution, however, that warrant was returned unexecuted. *See* Doc. # 3 in Case No. 3:04mj260. The Government explains that Marshall was arrested on October 10, 2004, by local authorities in Columbus, Ohio, for the bank robbery that had oc-

---

1. Other motions are pending, including Mahan's request for severance (*see* Doc. # 32).

The Court rules upon those motions by separate entry.

curred in Zanesville on September 30, 2004. Marshall remained in the custody of local authorities in Columbus until after he had been indicted on December 15, 2004, when he was released to custody of the United States Marshal. On December 16, 2004, Marshall made his initial appearance before United States Magistrate Judge Sharon Ovington. *See* Doc. # 16.

Since the 30–day period in which an indictment must be returned, set forth in § 3161(b), does not begin to run until an individual has been arrested or served with a summons, the mere filing of the criminal complaint charging Marshall with offenses did not cause that period to begin to run. Nevertheless, Marshall argues that being arrested by local authorities for one bank robbery is equivalent to having been arrested by the federal authorities for that offense and that, therefore, his arrest by local authorities started the clock to run.[2] This Court does not agree. In *United States v. Blackmon*, 874 F.2d 378 (6th Cir.), *cert. denied*, 493 U.S. 859, 110 S.Ct. 168, 107 L.Ed.2d 125 (1989), the Sixth Circuit held that an arrest by state officers, even if accompanied by federal law enforcement officers, did not constitute an arrest for purposes of § 3161(b). *Id.* at 381. Rather, "[r]egardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by [§ 3161(b) ]." *Id.*

In sum, since Marshall was not arrested or served with a summons on October 18, 2004, the return of the Indictment on December 15, 2004, more than 30 days later, did not render it untimely under § 3161(b). Accordingly, the Court overrules Marshall's Motion to Dismiss Under the Speedy Trial Act (Doc. # 55).

## II. Mahan's Motion to Dismiss with Prejudice (Doc. # 56)

In his motion, Mahan argues that the Court must dismiss the charges against him with prejudice, because the STA and his right to a speedy trial under the Sixth Amendment have been violated. As a means of analysis, the Court will initially discuss his assertion that the charges against him must be dismissed as a result of a violation of the STA, following which it will turn to his assertion that his rights under the Sixth Amendment have been violated.

Like Marshall, Mahan argues that § 3161(b) was violated, because, although he was arrested on November 9, 2004, the Indictment was not returned until December 15, 2004, more than 30 days later. Although Mahan was indicted 37 days after being arrested, that does not mean that there was a violation the 30–day limit set forth in § 3161(b) in which he could be indicted, since certain periods of delay are excludable from that 30–day period. *See* 18 U.S.C. § 3161(h). Among the periods which must be excluded are any delay resulting from court proceedings concerning the defendant and the delay stemming from the filing of a pretrial motion, from the filing of the motion to its prompt disposition. 18 U.S.C. § 3161(h)(1) and (h)(1)(F). Herein, the Government filed a motion to detain Mahan on the day that he was arrested. Magistrate Judge Sharon Ovington sustained that motion on November 15, 2004, after having conducted a detention hearing that day. Therefore, the period from November 9th through November 15th must be excluded, and the clock did not begin to run until November

---

**2.** It bears noting that local authorities had arrested Marshall for a bank robbery which occurred in Zanesville, Ohio, on September 30, 2004, which is the same robbery that underlies the charge against him in Case No. 04cr186.

16, 2004. Since December 15, 2004 was the thirtieth day thereafter, the Indictment was returned in timely fashion under § 3161(b).

Additionally, Mahan argues that the Court must dismiss this prosecution, because of a violation of the STA, given that he was not brought to trial in the time permitted by § 3161(c)(1), which provides in relevant part:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Of course, as with the temporal limitation set forth in § 3161(b), that 70 day period is subject to the periods of excludable delay contained in § 3161(h). For reasons which follow, this Court concludes that more than 70 days of non-excludable delay had not passed, before Mahan filed his Motion to Dismiss with Prejudice (Doc. # 56) on October 31, 2005.

■ As an initial matter, it bears emphasis that since the two Defendants, Mahan and Marshall, were indicted jointly, one speedy trial clock governs this prosecution. See 18 U.S.C. § 3161(h)(7). The Sixth Circuit explained in *Cope, supra:*

> Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs. 18 U.S.C. § 3161(h)(7). As such, the excludable delay of one defendant is ascribed to that of all of his codefendants. *United States v. Culpepper,* 898 F.2d 65, 66–67 (6th Cir.1990).

312 F.3d at 776–77. *See also, Blackmon, supra,* 874 F.2d at 381.

■ Although the Indictment was returned on December 15, 2004, Marshall did not appear before a judicial officer of the court in which that Indictment was pending until December 16, 2005, at which time the Government requested that he be detained. *See* Doc. # 16. The hearing on the Government's motion was not conducted until December 21, 2004, after which Judge Ovington granted that request. *See* Doc. # 19. Therefore, in accordance with § 3161(h)(1)(F), the speedy trial clock did not begin to run until December 22, 2004. Since the Defendants were arraigned on December 29 and 30, 2004 (*see* Docs. ## 23 and 24), those two days are excludable. *See* 18 U.S.C. § 3161(h)(1). As a consequence, eight non-excludable days expired during 2004, leaving at the beginning of 2005, 62 such days in which Mahan could be brought to trial.

■ On January 5, 2005, a pretrial conference was conducted in this prosecution (*see* Docs. # 23–25); therefore, that day must be excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1). On January 11, 2005, Marshall filed a number of motions (*see* Docs ## 26 and 27), which tolled the running of the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(F) and (J). Moreover, Mahan filed motions on January 19 and 24, 2005. *See* Docs. ## 28–32. On January 11th, a total of 17 non-excludable days had expired from the speedy trial clock (eight days in 2004 and nine the following year, through January 11th), leaving 53 non-excludable days before Mahan had to be brought to trial. Among other motions, Mahan has filed a Motion for Relief from Prejudicial Joinder (Doc. # 32). Included with that motion is a request for an oral and evidentiary hearing on it. Since that hearing has not yet taken place, the running of the speedy trial

clock has been tolled since Mahan filed it. *See* 18 U.S.C. § 3161(h)(1)(F) and (J). However, assuming for sake of argument that the speedy clock had not been so tolled, the Court would nevertheless conclude that 70 non-excludable days had not expired when Mahan filed his Motion to Dismiss with Prejudice (Doc. # 56).

On February 14, 2005, before the speedy trial clock had begun running again, Mahan waived his right to a speedy trial through May 2, 2005. *See* Doc. # 36. Thus, on May 3, 2005, when the speedy trial clock began to run again, 53 non-excludable days remained.

On May 10, 2005, the Court, on its own motion, conducted a proceeding in accordance with 18 U.S.C. § 4241(a), concerning Marshall's mental capacity. After that hearing, it ordered that Marshall be transferred to a federal medical center for mental competency and physical evaluations. *See* Docs. ## 52 and 53. On that date, 46 days remained on the speedy trial clock, since an additional seven days had elapsed. Proceedings on the question of Marshall's mental competency were not resolved until October 26, 2005, when the Court conducted an in-court proceeding on same. *See* Doc. # 59. It is axiomatic that the time during which the mental competency of a defendant is being determined is excluded from the speedy trial calculation. 18 U.S.C. § 3161(h)(1)(A). Moreover, as is indicated above, when two or more defendants have been jointly indicted, there is only one speedy trial clock, so that a period of delay that it excludable for one must also be excluded for the others. 18 U.S.C. § 3161(h)(7). Two days later, October 28, 2005, Marshall filed his motion seeking dismissal for violation of the STA, once again tolling the running of the clock.

As a consequence, it appears that, as of the date Mahan filed his motion to dismiss, October 31, 2005, the speedy trial clock had not expired. On the contrary 45 days in which to bring Mahan to trial remained. According to Mahan, however, the time that it took to conduct the mental competency evaluation of Marshall was unreasonable and that, therefore, that period of time is not excludable. This Court does not agree. The Sixth Circuit has explicitly stated that "[w]here multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs the action." *United States v. Culpepper,* 898 F.2d 65, 66 (6th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 120 (1990). *See also United States v. Holyfield,* 802 F.2d 846, 848 (6th Cir.1986) (noting that "under [§ ] 3161(h)(7) an exclusion as to one defendant applies to all codefendants"), *cert. denied,* 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987).[3] Accordingly, the Court rejects Mahan's argument that the period of delay, during which the mental capacity of his Co–Defendant Marshall was being determined, cannot be excluded from his speedy trial clock.

Alternatively, Mahan argues that the Court should dismiss this prosecution, because his constitutional right to a speedy trial, guaranteed by the Sixth Amendment to the United States Constitution, has been violated. This Court cannot agree that the Mahan's Sixth Amendment rights have been violated. The Supreme Court has held that the question of whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated involves "four separate [i]nquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay,

---

3. In *Holyfield,* the Sixth Circuit held seven-month delay during the interlocutory appeal of the appellants' co-defendant was excludable under § 3161(h)(7).

whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citing *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Therein, the Supreme Court also noted that a delay must be presumptively prejudicial in order to trigger the speedy trial inquiry and that lower courts had held with uniformity that delay approaching one year was presumptively prejudicial. *Id.* at 651–52 and n. 2, 112 S.Ct. 2686. Herein, the Indictment was returned against Mahan on December 15, 2004. Mahan filed his motion seeking dismissal for violation of his right to a speedy trial about ten and one-half months later. Such a period approaches one year and, therefore, is presumptively prejudicial. Accordingly, the Court turns to the question of whether an application of the four factors initially established in *Barker* mandate dismissal of this prosecution.

Since the ten and one-half month period of delay was presumptively prejudicial, the first factor, whether the delay was uncommonly long, has been met. *United States v. Schreane,* 331 F.3d 548, 553 (6th Cir. 2003). Of course, this factor is only one of several to consider in the speedy trial analysis. *Id.* Nevertheless, since the delay was only ten and one-half months, the length of the delay, although sufficient to be presumptively prejudicial and to permit this Court to continue the analysis, does not support Mahan's assertion that his rights under the Sixth Amendment have been violated. More to the point, although a delay of ten and one-half months is presumptively prejudicial, there is no evidence

that Mahan has suffered prejudice as a result on that delay.

The second factor focuses upon the reason for the delay. *Id.* Herein, both Mahan and the Government share the blame for the delay in bringing him to trial. The period of delay through May 2, 2005, is attributable exclusively to Mahan and his Co–Defendant Marshall. Thereafter, the delay is attributable to the Court's decision to have Marshall's mental capacity evaluated. Part of the approximately five months between the date upon which the Court ordered the evaluation and that upon which it was completed is attributable to the Government, given that Marshall was not promptly transported to a Federal Medical facility, despite the Court's order.[4] However, the Sixth Circuit has indicated that not all delays are the same; rather "[g]overnmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." *Id.* A more neutral reason, however, such as negligence, will weigh less heavily against the Government. *Id.* at 653–54. Herein, the portion of the delay which was attributable to the Government flowed from its negligence, rather than bad faith, harassment or the desire to gain a tactical advantage. Given that the delay is virtually as equally attributable to Mahan as it is to the Government and, further, since the Government was only negligent, this factor does not favor either party. *Id.* at 654 (concluding under similar circumstances that the second *Barker* factor favored neither the defendant nor the Government).

The third factor, whether the defendant has asserted his right to a speedy trial, favors the Government. Mahan agreed to the delay of his trial until May 2, 2005.

---

4. As a result of that failure, the Court ordered that the evaluation take place locally. *See* Doc. # 54.

Shortly after that date, the Court conducted its first proceeding on the issue of Marshall's mental competency. The delay in resolving that matter is the genesis of Mahan's request to dismiss for violating his constitutional right to a speedy trial. However, he did not assert his right to a speedy trial until after the matter had been resolved. *Wilson v. Mitchell,* 250 F.3d 388, 396 (6th Cir.2001) (explaining that the third factor in a speedy-trial analysis calls on courts "to determine whether the defendant timely asserted his Sixth Amendment rights"); *United States v. Thomas,* 167 F.3d 299, 305 (6th Cir.1999) ("A defendant's failure to assert his rights in a timely fashion weighs heavily against his Sixth Amendment claim.").

With respect to the fourth factor, prejudice, the Sixth Circuit has indicated that a defendant must show "substantial prejudice." *United States v. DeClue,* 899 F.2d 1465, 1470 (6th Cir.1990). *See also, Schreane,* 331 F.3d at 557. Herein, Mahan has not identified any prejudice that he suffered as a result of the delay in bringing him to trial. Accordingly, this factor favors the Government.

Balancing the four factors, this Court reaches the inescapable conclusion that Mahan's Sixth Amendment right to a speedy trial has not been violated. As to the first factor, the length of the delay, ten and one-half months, is minimally above that which would be necessary to be presumptively prejudicial. Although such a period of delay is sufficiently long to be presumptively prejudicial and, thus, to permit this Court to continue the analysis, it does not support Mahan's assertion that his rights under the Sixth Amendment have been violated, given that it is only minimally above that which is necessary to be presumptively prejudicial and, more to the point, that there is no evidence that Mahan has suffered prejudice as a result

on that delay. Therefore, this factor does not support Mahan's assertion that his right to a speedy trial has been violated. Although the second factor is neutral, the third and fourth factors favor the Government. Simply stated, a criminal defendant fails to demonstrate that his right to a speedy trial has been violated, when one of the four pertinent factors is neutral and the other three do not favor his assertion that this right has been violated. Accordingly, the Court rejects Mahan's assertion that his Sixth Amendment right to a speedy trial has been violated.

Based upon the foregoing, the Court overrules Mahan's Motion to Dismiss with Prejudice (Doc. # 56).