**UNITED STATES of America, Plaintiff**

v.

**Edgar DE LA CRUZ DE AZA, Defendant(s).**

**Criminal No. 05–102(JAG).**

United States District Court, D. Puerto Rico.

May 2, 2007.

AUSA, Juan E. Milanés, United States Attorney's Office, San Juan, PR, for Plaintiff.

Olga M. Shepard–De Mari, Esq., San Juan, PR, for Defendant.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Defendant Edgar de la Cruz de Aza (defendant) is charged, along with seventeen (17) co-defendants, with participating in a conspiracy to commit money laundering and import narcotics in violation of 18 U.S.C. § 1956(h) and 21 U.S.C. §§ 952(a) and 963. He is also charged with aiding and abetting defendant Socrates Mena–Castillo in conducting a financial transaction affecting interstate and foreign commerce in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i)(ii) and 2. After several procedural events, trial was set for March 12th, 2007, before United States District Judge Nancy Gertner. (Docket No. 296).

On March 8th, 2007, the Government informed in a status conference held before Judge Gertner, that fugitive defendant Luz Maria Hoyos de Mesa (Hoyos), had been apprehended, and requested that the trial be continued so the defendant and Hoyos could be tried together.[1] The Government further argued that Hoyos' arrest tolled the Speedy Trial Act (STA) because both defendants were indicted as part of the same conspiracy. The defendant, however, countered that there was an STA issue, and advised that he would move for the dismissal of the indictment. Judge Gertner ordered the defendant to file a written motion to dismiss no later than March 12th, 2007, and the Government to respond to defendant's motion by March 15th, 2007. (Docket No. 333). The defendant did not comply with this deadline. On March 20th, 2007, Judge Gertner granted the Government's motion to continue, and the case was reassigned to the undersigned. (Docket No. 335). Trial was reset for April 23rd, 2007.

In a pretrial conference held in chambers on April 16th, 2007, the defendant again indicated that he intended to file a motion to dismiss based on STA violations. He represented to the Court that he would do so "within the hour." The Government objected to the proposed filing because it was untimely and in violation of the March 8th Order. The Court took the matter under advisement and ordered the Government to respond to the defendant's motion by April 19th, 2007. (Docket No. 346). Shortly after the pretrial conference, the

defendant filed his Motion to Dismiss. (Docket No. 345).

On April 19th, 2007, the Government filed its response, arguing that the motion to dismiss must be denied because: 1) the defendant had waived its STA violation argument by failing to file a motion to dismiss by the deadline imposed by Judge Gertner; and 2) there has been no STA violation. (Docket No. 348).

On April 26th, 2007, the Court denied the Motion to Dismiss. (Docket No. 357). The reasons for that ruling are the following:

First, the defendant has simply not proved an STA violation. The STA requires that trial commence within seventy days of the filing of an indictment, or the first appearance of the defendant in court, whichever is later. 18 U.S.C. § 3161(c)(1). Periods of delay arising from causes outlined in 18 U.S.C. § 3161(h)(1)-(9) are excluded from the calculation. If trial does not commence by the end of those seventy days plus the excludable periods, the "indictment shall be dismissed on motion by the defendant." 18 U.S.C. § 3162(a)(2). The statute further specifies that "the defendant shall have the burden of proof of supporting such motion...." *Id.*

In this case, the defendant merely states that "the Speedy Trial clock, according to our computation has surpass [sic] more than 150 days." (Docket No. 345 at 4 ¶ 11A). However, the defendant provides no foundation for his conclusion. His argument seems to rely exclusively on the time that has passed since his arrest in June 2005, without considering excludable periods.[2] Moreover, the defendant ad-

---

1. A written motion to this effect was filed by the Government later that day. (Docket No. 334).

2. The defendant was arrested on June 13th, 2005, and remained incarcerated until his release on April 3rd, 2007, when the parties agreed on a stipulation for bail.

vances his argument without regard to the well-established rule that "where an indictment charges multiple defendants and the district court has not granted a severance, a single STA clock governs the action." *United States v. Culpepper,* 898 F.2d 65, 66 (6th Cir.1990). In sum, the defendant simply contends that more than 150 days have elapsed but provides no analysis or formula for the Court to verify the accuracy of his computation.

The Government, in contrast, effectively refuted the defendant's assertion through a detailed computation of the STA—including an account of the applicable excludable periods—which demonstrates that no STA violation has occurred. (Docket No. 348 at 6–10).

On this record, the Court must find that the defendant's allegations are unsubstantiated and, hence, insufficient for dismissal under 18 U.S.C. § 3162(a)(2).

Although the foregoing is sufficient to dispose of the defendant's motion, the Court will nonetheless make an STA computation in order to ascertain whether there has been a violation. From the outset, the Court must note that before this juncture, the defendant never moved for the dismissal of the Indictment, nor to sever on STA grounds.[3] In fact, it is not until the status conference of March 8th, 2007 that the defendant indicated that he *intended* to move for dismissal on STA grounds.[4] After weeks of inertia and missed deadlines, the defendant finally filed his motion to dismiss on April 16th,

2007. Consequently, the Court will make its computation based on the STA status on the date of the filing of that motion.

The defendant argues that the arrest of his co-defendant Hoyos on February 1st, 2007 is immaterial for purposes of the motion at bar. (Docket No. 345 at 2 ¶ 3) That is, he urges the Court to totally disregard Hoyos' arrest in making the STA analysis. This posture, however, is inconsistent with the clear terms of the STA. Section 3161(h)(7) of Title 18 provides that among the periods excluded from the STA limit are "reasonable period[s] of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The Supreme Court has interpreted this section to mean that the clock does not, in effect, begin to run until the date of the most recent defendant's initial appearance before the court. *See Henderson v. United States,* 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986)(finding that STA clock begins on the date of last co-defendant's arraignment because "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant"); *see also United States v. Casas,* 425 F.3d 23, 31 (1st Cir. 2005).

Therefore, an STA clock began to run anew with the initial appearance of Hoyos on February 1st, 2007. (Docket No. 315). Counting from that date, a total of 74 calendar days had passed at the time the

---

**3.** Defendant moved for a severance on November 1st, 2005, but through a boilerplate motion based on the "prejudicial spillover effect" resulting from his joinder with the other defendants. Defendant did not raise any STA concern in that motion. (Docket No. 110). The Court denied the motion, (Docket No. 114), and the defendant did not move for reconsideration.

**4.** Before that date, the defendant had moved twice for setting of trial. (Dockets No. 268 & 284). In those filings, however, he did not move for the dismissal of the indictment. The remedy prescribed by the STA for failure to bring a defendant to trial within seventy days is dismissal of the indictment, but only "on motion of the defendant". 18 U.S.C. § 3162(a)(2).

motion to dismiss was filed. However, a total of sixty (60) days shall be excluded from the computation. *See* Dockets 315, 318, 322 and 346. Thus, after applying all the exempted periods, the Court finds that only 14 STA days have elapsed. This computation is consistent with the validation report on speedy trial provided by the Clerk of the Court. Hence, no STA violation is verified.

For the reasons discussed above, the Motion to Dismiss is hereby **DENIED.** Trial remains set for May 8th, 2007.

IT IS SO ORDERED.